BITKER & GERNER COMPANY, Respondent, vs. GREEN INVESTMENT COMPANY, Appellant.

*April 5—May 1, 1956.*

For the appellant there were briefs by *Ray T. McCann,* and oral argument by *Richard A. McDermott,* both of Milwaukee.

For the respondent there was a brief by *Bitker & Marshall* of Milwaukee, and oral argument by *Marjorie L. Marshall.*

GEHL, J.    The plaintiff was at the times in question engaged in the retail merchandise business in and around the city of Milwaukee.    The Milwaukee Boston Store, Inc., which will be hereinafter referred to as the "Boston Store," was also so engaged, and at the time of the execution of the lease here involved occupied the premises covered thereby; its lease was by its terms to expire on April 30, 1955; it contained a provision granting to the Boston Store the option, in the event that the premises should be destroyed or substantially damaged by fire or other casualty during the first eight years of the term of its lease, to extend the term thereof for an additional period of twelve and one-half years.

On June 19, 1952, the Bitker-Gerner lease was made.    By its terms Bitker-Gerner was to have possession on May 1,

1955, and to continue therein until April 30, 1975. There was contained in the lease an express reference to the Boston Store lease, particularly to the provisions of the option to which we have referred, and a provision that if the Boston Store should, in case of destruction of the premises, exercise its option to extend the term of its lease then the Bitker-Gerner lease should be null and void and of no force and effect. The Bitker-Gerner lease also contained the following provisions:

"15. Lessor agrees to procure and maintain at its expense during the term hereof, adequate insurance against fire, the elements or other casualty, including so-called extended coverage. Lessor shall furnish lessee satisfactory evidence each year that such insurance is in force.

"In the event the premises are partially destroyed by fire or other casualty, the lessor shall immediately repair the premises and restore them to the condition at least as good as existed immediately prior to the casualty. Until the premises are so repaired and restored, the rental shall abate in that portion as the space not usable by the lessee for conduct of its business on the demised premises bears to the total space herein demised.

"*Should the demised premises be destroyed or so damaged by fire or other casualty so as to make it necessary to rebuild, restore, or replace the whole building on the premises, then this lease shall be absolutely null and void and of no effect whatsoever.* However, during the six (6) months succeeding such casualty, the lessee herein shall have the first right to enter into a new lease with lessor for a new building, upon the same terms and conditions as lessor would be willing to lease to any other party or parties or from whom lessor has a *bona fide* acceptable offer." (Italics ours.)

The premises were destroyed by fire on December 28, 1953. On April 29, 1955, Bitker-Gerner tendered to the defendant $1,000 in payment of rent for the month of May, 1955. Defendant refused the tender and this action was

brought. The trial court considered that on the motion for interlocutory summary judgment no question of fact was presented, and construed the portion of the lease which we have quoted and italicized as applying only to fires or other casualties occurring during the term of actual occupancy by Bitker-Gerner under its lease. It is the contention of the defendant that it applies to a casualty occurring at any time after execution of the lease and that since it did occur thereafter the lease is void.

It is undisputed that the premises were "destroyed . . . by fire . . . so as to make it necessary to rebuild, restore, or replace the whole building," so as to render the lease "absolutely null and void and of no effect whatsoever" within the meaning of the provisions of the lease if they are to be construed as defendant claims they should be.

The Bitker-Gerner lease contains an express reference to that of the Boston Store and the provisions therein which grant to the latter the option to renew its lease for a period of twelve and one-half years in the event of the destruction of the building. The Bitker-Gerner lease provides further that if in such case the Boston Store should notify the defendant of the exercise of its right on or before June 30, 1953, then the Bitker-Gerner lease should be null and void. It is suggested that by virtue of these provisions, destruction of the building during the term therein prescribed would operate to nullify the Bitker-Gerner lease. This suggestion overlooks the language of the second sentence of the above-quoted and italicized portion of the Bitker-Gerner lease, however, by which, in the event of destruction of the building Bitker-Gerner is given "first right to enter into a new lease." Thus, if defendant's contention is correct, there would exist for a period during the interim ending on May 1, 1955, in the Boston Store and Bitker-Gerner contemporaneous and conflicting rights affecting possession of the premises. It does

not seem likely that the parties intended that unreasonable result.

It is elementary that an interpretation of the language in a contract which gives reasonable meaning to its terms is preferred to one which results in unreasonableness, *Bibelhausen v. Bibelhausen* (1915), 159 Wis. 365, 150 N. W. 516, and that a contract which is capable of two interpretations should be given that which will make it definite, operative, and capable of being carried into effect. The courts will adopt that construction of a contract which gives harmonious effect to all its covenants if reasonably susceptible of that construction, rather than one which must produce a conflict in some of its covenants. *Walter v. Pugh* (1945), 30 Ohio Ops. 561. " 'So far as reasonably practicable it [a contract] should be given a construction which will make it a rational business instrument and will effectuate what appears to have been the intention of the parties.' " *Waldo Brothers Co. v. Platt Contracting Co., Inc.* (1940), 305 Mass. 349, 355, 25 N. E. (2d) 770.

There is no other provision in the Bitker-Gerner lease which might suggest that it was intended that the unreasonable interpretation for which defendant contends should be placed upon that to which we have referred. On the contrary, the terms of the two paragraphs of sec. 15 of the lease which we have quoted, and which precede those italicized by us would suggest that all of its provisions should be operative only during the term of actual occupancy. It is agreed that the lessor is to provide insurance against fire "during the term of the lease;" if the premises are partially destroyed by fire the lessor shall repair and restore them, and until they are repaired "the rental shall abate," which latter provision would of course apply only after Bitker-Gerner has entered into possession. It seems to us that these provisions throw considerable light upon all of the provisions of sec. 15 and must be read in aid of construction of all of them.

We are compelled to construe the pertinent provision as not intended to be effective until the date of entry by Bitker-Gerner Company, May 1, 1955. This interpretation gives effect to the lease of the Boston Store as well as to that of Bitker-Gerner and avoids the obvious conflict between the two as would result if defendant's contentions were to be upheld.

Defendant contends that the court should not have entered summary judgment because there are issues of fact material to the question presented by plaintiff's motion. It is contended particularly that for the proper construction of the lease, the court should have considered the fact that it was prepared by Bitker-Gerner's attorney, and that there is an issue with respect to whether the fire damage was so extensive as to make it necessary to rebuild, restore, and replace substantial portions of the building. As to the first claim, we do not think that the fact is material, and furthermore, it does not appear to be undisputed that Bitker-Gerner's attorney prepared the instrument; also it does not appear that the court refused to consider it. As to the second, there was no issue; defendant itself in its answer pleaded that "as a result of said fire the building was so destroyed and damaged as to make it necessary to rebuild, restore, and replace the whole building on the premises, . . ."

*By the Court.*—Judgment affirmed.