NORTHWEST SAND & GRAVEL COMPANY, Appellant, v. SCHLIEPER and wife, Respondents.

*October 4—October 30, 1962.*

For the appellant there was a brief by *Schroeder, Gedlen & Leonard,* attorneys, and *Leo J. Landry* of counsel, all of Milwaukee, and oral argument by *Mr. Landry.*

For the respondents there was a brief by *Lowry, Hunter & Tikalsky* of Waukesha, and oral argument by *Richard N. Hunter.*

GORDON, J. The appellant's main argument is that the agreement dated September 1, 1959, is unambiguous and not properly susceptible to interpretation via parol evidence. We consider that the agreement is beset with ambiguity and that the taking of parol evidence was in order.

The instrument in question is dated September 1, 1959, and purports to exercise an option for a term of five years commencing November 1, 1955; it further provides that "This notice of extension shall be deemed to be effective November 1, 1955." The royalty rate is set at 15 cents per cubic yard. It is upon this agreement that the plaintiff claims a refund in royalties totaling $29,075.66. The instrument is silent regarding a refund.

In our opinion, it is unclear from the face of the instrument whether a refund was contemplated in reducing the royalty rate to 15 cents from 25 cents for the period between November 1, 1955, and September 1, 1959. If the parties intended to embody their expressions in a single memorandum, they did not succeed. It was appropriate to examine the related instruments (particularly the extension agreement dated August 29, 1955, and the agreement marked Exhibit 7) and to take parol evidence in order to determine the intentions of the parties. This is consistent with the rule set forth in *Wheelwright v. Pure Milk Asso.* (1932), 208 Wis. 40, 44, 240 N. W. 769:

"The rule in Wisconsin with respect to the admissibility of parol evidence for the purposes of interpretation has been set forth in numerous cases. If the contract is ambiguous, evidence of the surrounding circumstances, practical construction by the parties, and even the declarations of the parties constituting the negotiations may be resorted to in aid of construction."

See also *Kasten v. Markham* (1957), 1 Wis. (2d) 352, 356, 83 N. W. (2d) 885.

The respondents contend that the result of literal interpretation would be so absurd that parol evidence was required. The payment of a refund on past royalties is not, in our opinion, so bizarre a result as to warrant the application of the rule considered in *Corbett v. Joannes* (1905), 125 Wis. 370, 387, 104 N. W. 69:

"... ambiguity calling for construction may as well appear from language clear in itself but leading to some absurd result when applied literally to the situation with which it deals, as by reason of uncertainty of meaning upon its face."

It would appear that the Schliepers reduced the royalty rate in order to accommodate their tenant. It is at least plausible that the agreement contemplated a refund. Conceivably the parties may have intended that the tenant receive a 10-cent credit against future gravel removals. The jury's answer to question numbered one of the special verdict resolved that issue in favor of the respondents. That determination properly resulted in judgment for the respondents.

The construction reflected in the judgment is consistent with the standard set forth in *Bitker & Gerner Co. v. Green Investment Co.* (1956), 273 Wis. 116, 120, 76 N. W. (2d) 549, wherein we said that a contract "should be given a construction which will make it a rational business instrument and will effectuate what appears to have been the intention of the parties." While parol evidence was not required in that case to accomplish that end, we consider that it was necessary in the instant case in order to determine the true meaning of an ambiguous instrument.

*By the Court.*—Judgment affirmed.