Estate of Boyd: Boyd, Appellant, v. Boyd, Executrix,
Respondent.

*November 26, 1962—January 8, 1963.*

For the appellant there was a brief by *Oldenburg, Manzer & Johnson* of Madison, and oral argument by *H. Maxwell Manzer*.

For the respondent there was a brief by *William H. Frawley* and *Edwin J. Larkin,* both of Eau Claire, and oral argument by *Mr. Larkin.*

GORDON, J.  Whether Beatrice Boyd is entitled to have her claim allowed will depend on the interpretation to be given to the following provision in the divorce judgment:

"6. . . . and the name of Beatrice M. Boyd, the plaintiff herein, shall be inserted as beneficiary in Policy No. C–0651–9765 with the Equitable Life Assurance Society for two thousand dollars ($2,000)."

The aforesaid provision in the divorce judgment was taken verbatim from a property stipulation which Beatrice Boyd and her then husband entered into during the divorce proceedings.

The learned trial court concluded that the claim of Beatrice Boyd had to be disallowed because she did not have a vested right in the insurance contract in question and, accordingly, her husband was entitled to remove her as a beneficiary. In his memorandum opinion, the trial judge noted that the divorce judgment did not expressly prohibit the husband from changing the beneficiary.

We recognize that the failure to specify the period that Beatrice Boyd was to be retained as the named beneficiary creates a question for construction. It is our belief that the more-reasonable interpretation of the stipulation is that the Boyds, in dividing up their assets, resolved to give the beneficial interest in this policy to Mrs. Boyd—not for a day

or for a week but for as long as the policy continued in effect. We are helped in reaching this conclusion by the fact that the interpretation placed thereon by the probate court results in a finding that this clause in the stipulation is meaningless. The policy had no cash value, and if the clause did not give her a continuing beneficial interest, it really gave the wife nothing. We find it hard to believe that the parties intended to stipulate to something valueless and that the judgment based thereon was intended to mirror such emptiness.

If the conclusion reached by the probate court were correct, Mr. Boyd would have been free to have changed the beneficiary immediately after the judgment was entered; we consider such interpretation unreasonable. It is more probable that the parties adopted a shorthand method of stating that Beatrice Boyd was not only to be named as the beneficiary but was to be retained in that capacity so long as Mr. Boyd continued in this particular employment.

A stipulation in a divorce action is in the nature of a contract. *Miner v. Miner* (1960), 10 Wis. (2d) 438, 444, 103 N. W. (2d) 4. We have said that a contract should be given a construction which "will effectuate what appears to have been the intention of the parties." *Bitker & Gerner Co. v. Green Investment Co.* (1956), 273 Wis. 116, 120, 76 N. W. (2d) 549. In *Bank of Cashton v. La Crosse County Scandinavian Town Mut. Ins. Co.* (1934), 216 Wis. 513, 518, 257 N. W. 451, we stated:

"Under recognized rules of interpretation of contracts, where one construction would make a contract unusual and extraordinary while another equally consistent with the language used would make it reasonable, just, and fair, the latter must prevail."

In *R. B. General Trucking v. Auto Parts & Service* (1958), 3 Wis. (2d) 91, 98, 87 N. W. (2d) 863, we said:

"Judgments are to be construed like other written instruments."

*By the Court.*—Judgment reversed, and cause remanded for further proceedings.

DIETERICH, J., dissents.