Dennis C. STREIFF, Plaintiff-Appellant,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a
Wisconsin corporation, Defendant-Respondent.†

Court of Appeals

*No. 82–599. Argued March 16, 1983.—Decided June 7, 1983.*
(Also reported in 337 N.W.2d 186.)

† Petition to review granted.

For the plaintiff-appellant there were briefs by *John G. Thomson* and *Sandra R. Heimann* and *Howden & Franken* of New Glarus, and oral argument by *Sandra R. Heimann.*

For the defendant-respondent there was a brief by *Charles R. Wellington* and *Kittelsen, Barry, Ross & Wellington* of Monroe, and oral argument by *Charles R. Wellington.*

Before Gartzke, P.J., Dykman, J. and W.L. Jackman, Reserve Judge.

W.L. JACKMAN, Reserve Judge.    Dennis Streiff appeals from an order granting summary judgment to respondent, American Family Mutual Insurance Company, on his claim for "extended earnings" he asserts were due him as its former agent. American Family's refusal to pay Streiff was based on his violation of a restrictive covenant contained in the "Career Agent's Agreement" (Agreement). Streiff argued that the covenant was void. The trial court held that it was enforceable and granted summary judgment to American Family. We affirm.

When reviewing a trial court's grant of summary judgment, this court must apply the same standard of review as did the trial court. Sec. 802.08, Stats. *Board of Regents v. Mussallem,* 94 Wis. 2d 657, 674, 289 N.W.2d 801, 809 (1980). Summary judgment is appropriate where there are no issues of material fact and the moving party is entitled to judgment as a matter of law.

Both parties moved for summary judgment. This was the equivalent of a stipulation of facts, permitting the

trial court to decide the case on the legal issues. *Powalka v. State Mut. Life Assurance Co.*, 53 Wis. 2d 513, 518, 192 N.W.2d 852, 854 (1972). Because there were no issues of material fact, and the trial court correctly determined the question of law at issue, the disposition of this case by summary judgment was proper and appropriate.

The stipulated facts are as follows: Streiff is an insurance agent in New Glarus. He became an agent for American Family in 1967, and operated primarily in northern Green and southern Dane Counties. A small percentage of his policyholders resided outside this area. American Family terminated Streiff's agency on April 1, 1980. The following day, Streiff solicited his former policyholders to continue to do business with him.

Section 5h of the Agreement between Streiff and American Family provides:

> After termination of this agreement, the agent shall refrain from further solicitation of policyholders for the company and from further servicing of policyholders of the company, and, for a period of one year after such termination, anywhere within a radius of 50 miles from the location of the agent's place of business under this agreement on the date of such termination, shall not induce or attempt to induce or cause another or others to induce or attempt to induce any policyholder to replace, lapse or cancel any policy of insurance written by the company.

Section 5i of the Agreement provides that, if an agent is terminated, American Family will pay him or her "as extended earnings, a percentage of the renewal service fees paid him by the company during the twelve-calendar-month period immediately preceding the month during which this agreement is terminated," provided, *inter alia,* "(3) the agent has complied with all the terms and conditions of this section and of this entire agreement . . . ." Streiff's extended earnings would have amounted to $33,827.

A further section of section 5i of the Agreement provides:

If, while being paid extended earnings, the agent associates himself in any sales or sales management capacity with another insurer engaged in writing any of the kinds of insurance written by the company, and if the agent performs services in any such capacity for such other insurer within any of the States of the United States in which the company operates as a licensed insurer, the agent, from and after the date of such association, shall forfeit all his rights to extended earnings otherwise thereafter payable by the company.

Section 103.465, Stats., provides in pertinent part that "[a]ny such restrictive covenant imposing an unreasonable restraint is illegal, void and unenforceable even as to so much of the covenant or performance as would be a reasonable restraint." Streiff argues that sections 5h and 5i, together, constitute American Family's restrictive covenant and that sec. 103.465, Stats., mandates that both be voided. We conclude, however, that the two sections are completely separate restrictions, and that the admittedly overbroad provisions of section 5i do not invalidate the reasonable and enforceable restrictions of section 5h. Section 5i of the Agreement purports to forfeit future extended earnings of a former agent who engages in the business of insurance sales in any state in which American Family does business. It would cause Streiff to forfeit future extended earnings if he violated it. The condition for operation of such a restriction is "while being paid extended earnings." If that clause were applied, Streiff would be forced out of the business of insurance sales and service so long as he accepted extended earnings.

Although this clause is not expressed as a restriction against competition, its object and effect is that of such a restriction, and it is subject to the statute. *Holsen v.*

*Marshall & Ilsley Bank,* 52 Wis. 2d 281, 285, 190 N.W.2d 189, 191 (1971). The trial court took the position that since Streiff was never paid any extended earnings, the forfeiture clause did not apply and could be ignored under the circumstances of the case. We conclude that the two clauses are distinct provisions with separate factual bases for their operation. Section 5h is a condition precedent to an agent's right to recover extended earnings. Streiff did not comply with the condition precedent because he induced American Family's policyholders to switch coverage. Section 5i is both a condition subsequent to the right to recover extended earnings, and a condition precedent to their forfeiture. No inquiry is necessary into the validity of conditions under which these payments could legitimately be discontinued. The invalidity of the conditions under which future payments, once begun, could be discontinued, has no relation to whether Streiff was entitled to those earnings.

We are also persuaded that it would be entirely inequitable to void section 5h on the basis of the illegality of section 5i. "Extended earnings" are a percentage of fees generated by the insurer after an agent leaves. Streiff induced policyholders away from American Family, resulting in a loss of those fees. It is reasonable that American Family should not have to pay extended earnings to a former agent who solicits its policyholders.

The question of whether the geographic restriction in section 5h was "reasonably necessary for the protection of the employer," under sec. 103.465, Stats., is a question of law to be resolved on the basis of the facts. *Fields Foundation, Ltd. v. Christensen,* 103 Wis. 2d 465, 478–79, 309 N.W.2d 125, 132 (Ct. App. 1981). Viewing the "totality of the circumstances," the trial court held the restriction reasonably necessary.

Given the location of the policyholders sold by plaintiff as appears from the record herein, a geographic area of

a radius of 50 miles, especially in light of the one-year limit imposed, is not an unreasonable one. The restriction is designed to give some protection to a new agent brought into the territory by the company and does not prevent the plaintiff from competing with the defendant or engaging in the insurance business.

. . . The area of limitation in the instant case approximates the area of the employer's vulnerability to unfair competition by the plaintiff, who had many close ties to the community involved. The limitation by the agreement in question here was in our opinion a legitimate protection for the defendant without depriving the plaintiff of competitive opportunities which Sec. 103.465, Wis. Stats. protects.

The trial court was correct. The restriction does not forbid Streiff from conducting business in the area or from competing with American Family. It only restricts him from inducing or attempting to induce any of American Family's policyholders to replace, lapse or cancel any policy of insurance written by the company. Streiff is free, in full competition with American Family's agents, to seek new business. The limit is for a specific, limited time period. In the fifty-mile area American Family has sixty-six agents and its home office. It has a legitimate interest in protecting its business in an area that contains a large number of policyholders. *Hunter of Wisconsin, Inc. v. Hamilton,* 101 Wis. 2d 460, 466, 304 N.W.2d 752, 755 (1981). The vulnerability of its business to aggressive salesmanship is quite real. Streiff succeeded in getting three hundred of his former customers to switch from American Family's policies. This is proof of the danger to American Family's interest from the forbidden activity. Streiff had the opportunity to sell to the customers of other insurers without resorting to solicitation of American Family's existing policyholders. We conclude as did the trial court that the restriction on Streiff's activity contained in section 5h of the Agreement was

necessary to protect American Family's interests and was enforceable under sec. 103.465, Stats.

The trial court's order granting summary judgment to American Family is affirmed.

*By the Court.*—Order affirmed.