Edward Joseph DUHAME, and Lori Ann Duhame by their Guardian ad Litem, Kevin Corrigal, Plaintiffs-Respondents,

v.

Elaine DUHAME, Defendant-Appellant,

AETNA LIFE INSURANCE COMPANY, Defendant.

Court of Appeals

*No. 89-0148. Submitted on briefs November 20, 1989.—Decided December 20, 1989.*

(Also reported in 453 N.W.2d 149.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Stern, Caviale & Stern* of Kenosha.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Kevin Corigall* of *Phillips, Richards & Mayew, S.C.* of Kenosha.

Before Brown, P.J., Scott and Nettesheim, JJ.

NETTESHEIM, J.   Elaine Duhame, primary beneficiary of an insurance policy insuring the life of her deceased husband, Clyde, appeals from a summary judgment which construed a divorce stipulation in an earlier action between Clyde and his former wife. Based upon its construction of the stipulation at summary judgment, the trial court then imposed a constructive trust against the policy proceeds in favor of Clyde's minor children from the former marriage.

The resolution of this case turns on the interpretation of the following language in the divorce stipulation entered into between Clyde and his former wife, Dixie:

> 3.   That the plaintiff shall pay through the Clerk of this Court for transmittal to the defendant the sum of Thirty-five dollars ($35.00) per week as and for the support of the minor children, to be allocated between them and to be paid weekly until further

order of the court or the emancipation of said minor children. *In addition thereto, the plaintiff shall keep said minor children as beneficiaries of all life insurance available to him at his place of employment, and shall keep said minor children as participants of all health, and accident insurance policies available to him at his place of employment.* [Emphasis added.]

This language was incorporated into the judgment of divorce.

Despite their other differences, the parties do not dispute that the trial court could appropriately decide this case at summary judgment. In fact, both parties moved for summary judgment, putting the case in a posture where both parties waived their right to a full trial of the issues, *Powalka v. State Mut. Life Assurance Co. of America,* 53 Wis. 2d 513, 518-19, 192 N.W.2d 852, 854 (1972), and permitted the trial court to decide the legal issue presented. *Streiff v. American Family Mut. Ins. Co.,* 114 Wis. 2d 63, 64-65, 337 N.W.2d 186, 187 (Ct. App. 1983), *rev'd on other grounds,* 118 Wis. 2d 602, 348 N.W.2d 505 (1984). The construction of a stipulation is a question of law. *See Oostburg State Bank v. United Sav. & Loan Ass'n,* 125 Wis. 2d 224, 234, 372 N.W.2d 471, 476 (Ct. App. 1985), *aff'd,* 130 Wis. 2d 4, 386 N.W.2d 53 (1986); *see also Schmitz v. Grudzinski,* 141 Wis. 2d 867, 871, 416 N.W.2d 639, 641 (Ct. App. 1987).

We review the court's determination of the legal issue *de novo. Bank of Sun Prairie v. Esser,* 151 Wis. 2d 11, 18, 442 N.W.2d 560, 562 (Ct. App. 1989). In addition, whether to impose the remedy of a constructive trust sounds in equity. *Richards v. Richards,* 58 Wis. 2d 290, 296, 206 N.W.2d 134, 137 (1973). Our standard of review for such a determination is one of abuse of discretion.

*Mulder v. Mittelstadt,* 120 Wis. 2d 103, 115, 352 N.W.2d
223, 228 (Ct. App. 1984). Therefore, we employ two stan-
dards of review on this appeal. We first review *de novo*
the trial court's construction of the divorce stipulation as
a question of law. We then review the trial court's ulti-
mate decision to impose a constructive trust under abuse
of discretion standards.

When the divorce was granted on April 28, 1978,
Clyde maintained the policy at issue in this case through
his employer, American Motors Corporation. Four days
later, pursuant to the directive of the judgment, Clyde
named his two minor children as beneficiaries on the
policy. On June 23, 1979, Clyde married Elaine. On July
9, 1984, Clyde removed the minor children and substi-
tuted Elaine as the primary beneficiary. On February 1,
1986, Clyde retired from American Motors. On Decem-
ber 3, 1987, Clyde died.

Before we turn to the interpretation of the language
of the stipulation, we make an important initial observa-
tion. Although the language of the stipulation is ambigu-
ous on a number of fronts, it does require that two
threshold factors be satisfied before a change in benefici-
ary is prohibited: (1) the insurance must be "support-
related"; and (2) the insurance must be "employment-
related." The trial court determined that the insurance
was "support-related" because the language at issue was
included in the support provisions of the stipulation and
judgment and was recited as an additional aspect of
Clyde's support obligation. The court also determined
that the insurance was "employment-related," because
the policy was retained and carried over into his retire-
ment by Clyde.

Elaine does not appear to dispute that the insurance
language of the stipulation is "support-related." We

agree. As noted by the trial court, the language is recited in the support section of the divorce judgment. It immediately follows the recital of Clyde's weekly support obligation and is introduced by the phrase, "In addition thereto." From this we affirm the trial court's determination that the insurance provision in this stipulation was intended as an additional aspect of Clyde's support obligation.

Nonetheless, Elaine contends that the language of the stipulation clearly and unambiguously permitted Clyde to execute the change in beneficiary because the children are not recited as the *exclusive* beneficiaries under the policy. Regardless of whether this language is clear or ambiguous, we conclude that the supreme court has already rejected the functional equivalent of this argument in *Estate of Boyd,* 18 Wis. 2d 379, 118 N.W.2d 705 (1963). There, the trial judge denied a request for a constructive trust under language similar to that here because the divorce judgment contained no express prohibition against a change in beneficiary. The supreme court rejected this argument, noting that the proper inquiry was what the parties intended by the language used in the stipulation. *Id.* at 380–81, 118 N.W.2d at 705–06.

The language at issue here was the result of a stipulation between the parties to the divorce. A stipulation is in the nature of a contract and the trial court must seek a construction which will effectuate what appears to have been the intention of the parties. *Richards,* 58 Wis. 2d at 295, 206 N.W.2d at 136.[1] In *Boyd,* the supreme court rejected an argument that the stipulation permit-

[1] We conclude that our viewing of this stipulation as being in the nature of a contract is not in conflict with the limiting language of *Vaccaro v. Vaccaro,* 67 Wis. 2d 477, 485–86, 227 N.W.2d

ted the insured to change the beneficiary at will because such construction would have meant that "the parties intended to stipulate to something valueless and that the judgment based thereon was intended to mirror such emptiness." *Boyd,* 18 Wis. 2d at 381, 118 N.W.2d at 706. *Boyd* rejected such a construction as unreasonable. *Id.*

The summary judgment record on this question consists of the language of the stipulation itself and Dixie's uncontroverted affidavit. This latter material is in the nature of parol and extrinsic evidence on the question of the parties' intent. *Capital Invs., Inc. v. Whitehall Packing Co.,* 91 Wis. 2d 178, 190, 280 N.W.2d 254, 259 (1979). Dixie's uncontroverted affidavit recites that the insurance provision "was negotiated and agreed upon for the purpose of providing support to Edward and Lori [the minor children] in the event of Clyde J. Duhame's death." Acceptance of Elaine's argument that Clyde was free to change or add beneficiaries at will would mean that Clyde and Dixie negotiated and stipulated "to something valueless and that the judgment based thereon was intended to mirror such emptiness." *Boyd* compels rejection of this interpretation.

Next, Elaine contends that the imposition of the constructive trust was an abuse of discretion because Clyde was retired from American Motors Corporation when the change in beneficiary occurred. Therefore, Elaine reasons that the policy was not "available to him [Clyde] at his place of employment" within the meaning of the stipulation. This raises the question of whether the insurance is "employment-related."

62, 66 (1975), because the record is devoid of evidence that the trial court modified the parties' stipulation.

A contract is ambiguous when it is reasonably susceptible of more than one meaning. *Schmitz,* 141 Wis. 2d at 871, 416 N.W.2d at 641. Under the terms of this stipulation, we deem it ambiguous whether employment-related insurance which is retained and carried over into retirement constitutes insurance "available to him at his place of employment." Therefore, the trial court properly looked to the intent of the parties. *Richards,* 58 Wis. 2d at 295, 206 N.W.2d at 136.

Before reviewing the trial court's determination on this question, we note a serious misrepresentation of the record on this issue by Elaine's counsel. Without citation to the record, counsel represents that Clyde's change in beneficiary occurred *after* or *concurrent* with Clyde's retirement from American Motors Corporation in February 1986. This is false. The uncontroverted insurance company records establish that Clyde substituted Elaine for the minor children as primary beneficiary on July 9, 1984—a full year and one-half *before* Clyde's retirement. This action was a clear violation of the divorce judgment's directive that Clyde "keep the minor children as beneficiaries of all life insurance available to him at his place of employment."

We also note that the issue is not whether Clyde was *obligated* to retain and continue his insurance upon his retirement from American Motors Corporation. Rather, the issue is whether having done so, Clyde's pre-retirement change in beneficiary should be given full effect.

As with the previous issue, Dixie's parol evidence affidavit and the ambiguous language of the stipulation are the critical evidence of the parties' intent. Dixie's affidavit recites that the contingent event which prompted the divorce negotiations was the possibility of

Clyde's death while the children were still minors. The resulting stipulation therefore designated Clyde's employment-related insurance as the alternative financial protection for the minor children in the event of his death. Obviously, the support provisions of the stipulation did not lapse with Clyde's retirement; why then should the support-related insurance provisions lapse when the insured risk and the policy covering it still exist? Although their language is ambiguous, we conclude that the trial court correctly determined that Clyde's and Dixie's divorce negotiations and resulting stipulation contemplated the employment-related insurance carried over by Clyde into retirement. Thus, the insurance at issue is "employment-related."

With this interpretation of the stipulation in place, we now turn to the question of whether the trial court's imposition of a constructive trust was an abuse of discretion.

The trial court recognized the fundamental legal principle that one who purchases a life insurance policy and pays the premium may change the beneficiary at will. *Richards,* 58 Wis. 2d at 293, 206 N.W.2d at 135. At the same time, the court recognized the well-settled equitable principles underpinning the doctrine of constructive trusts:

> The constructive trust is an invention of equity by which liability is imposed to prevent unjust enrichment and unfairness. A constructive trust does not depend upon the intent of the parties to create an express trust. Rather, it is created by law to equitably prevent unjust enrichment, which arises when one party receives a benefit, the retention of which would be unjust as against the other.

*Richards,* 58 Wis. 2d at 296–97, 206 N.W.2d at 137 (citations omitted). The trial court also correctly observed:

> It is not necessary that the person against whom the constructive trust is to be imposed be a wrongdoer or know of the wrongdoing initially. If the other elements for imposing a constructive trust have been satisfied, and the holder of the legal title is not a bona fide purchaser, a constructive trust may be imposed.

*Wilharms v. Wilharms,* 93 Wis. 2d 671, 679, 287 N.W.2d 779, 783 (1980).

From these correct legal principles, the trial court then determined that the insurance provision in the stipulation was both "support-related" and "employment-related"—determinations which we have already concluded are correct. A discretionary determination, to be sustained, must demonstrably be made and based upon the facts appearing in the record and in reliance on the appropriate and applicable law. *Hartung v. Hartung,* 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20 (1981). The trial court's decision represents a correct application of the law based upon the facts of record. We particularly note the strong equities in favor of the minor children in light of Clyde's unlawful removal of them as primary beneficiaries *while he was still employed at American Motors Corporation.*

Last, Elaine argues that she is entitled to one-half of the policy proceeds under the Wisconsin Marital Property Act, Ch. 766, Stats. The children respond that the act does not apply in light of sec. 766.61(5), Stats.[2] We

---

[2]Section 766.61(5), Stats., reads as follows:

(5) The interest of a person as owner or beneficiary of a policy acquired under a decree or property settlement agreement incident to

need not answer whether the statute applies since Elaine's argument essentially contends that the Marital Property Act impliedly supersedes Wisconsin's common law of equity. Elaine offers no authority for this position. The law, in fact, is to the contrary. Section 766.95, Stats., provides: "**Rules of Construction.** Unless displaced by this chapter, *the principles of law in equity supplement its provisions.*" (Emphasis added.) The Marital Property Act nowhere recites that it displaces the law of constructive trusts.

In addition, Elaine has not provided us with the trial court's decision on this question. Appellate review is limited to the record before the appellate court, and we will assume in the absence of a transcript that every fact essential to sustain the trial judge's exercise of discretion is supported by the record. *Austin v. Ford Motor Co.,* 86 Wis. 2d 628, 641, 273 N.W.2d 233, 239 (1979).

*By the Court.*—Judgment and order affirmed.

a prior marriage or to parenthood is not marital property, regardless of the classification of property used to pay premiums on that policy.