AETNA LIFE INSURANCE
COMPANY, Plaintiff,

v.

Alicia HAGER, Bobbie Jean Blake, Fred
Charles Blake, Jr. and Tammy Lynn
Blake by Carolyn J. Flannery, her
guardian ad litem, Defendants.

No. 95–C–155.

United States District Court,
E.D. Wisconsin.

April 15, 1996.

**344**

Maile E. Buell, Borgelt, Powell, Peterson & Frauen, Milwaukee, WI, for Plaintiff.

Dennis R. Lynch, Lloyd, Phenicie, Lynch & Kelly, Burlington, WI, for Defendant Alicia Hager.

James F. Kracmer, Kracmer Law Offices, Kenosha, WI, for Defendants Bobbie Jean Blake, Fred Charles Blake and Tammy Lynn Blake.

## DECISION AND ORDER

GOODSTEIN, United States Magistrate Judge.

On February 9, 1995, Aetna Life Insurance Company (hereinafter "Aetna") brought this interpleader action in the United States District Court, Eastern District of Wisconsin to determine the conflicting claims to the proceeds of a life insurance policy on the life of Fred C. Blake. This case was randomly assigned to this court and the parties have consented to the full jurisdiction of this court pursuant to 28 U.S.C. § 636(c). Venue is proper in the Eastern District of Wisconsin. Pursuant the stipulation between the parties and order of the court, Aetna was dismissed from this action on November 15, 1995. Currently pending before the court are Bobbie Jean Blake, Fred Charles Blake Jr. and Tammy Lynn Blake's motion for summary judgment which is fully briefed and ready for resolution.

## I. Subject Matter Jurisdiction

Although the parties have not raised the issue, the court must first determine whether there is federal subject matter jurisdiction over this action. Aetna claims jurisdiction under the Federal Interpleader Act, 28 U.S.C. § 1335 and alternatively, under the Employee Retirement Income Security Act (ERISA) of 1974, 29 U.S.C. §§ 1001 *et seq.* Aetna has brought this action in the nature of interpleader and has deposited the proceeds of the insurance policy in issue of $20,000, which exceeds the statutory minimum of $500 for jurisdiction, as required by 28 U.S.C. § 1335(a) and (a)(2). However, the adverse claimants are all residents of the State of Wisconsin. 28 U.S.C. § 1335(a)(1) requires adverse claimants of diverse citizenship, so this interpleader requirement has not been satisfied. Thus the court may not maintain jurisdiction under 28 U.S.C. § 1335(a)(1).

Aetna alternately claims jurisdiction under ERISA. The court accepts Aetna's representation that the plan is governed by ERISA. Pursuant to 29 U.S.C. § 1132(a)(3)(B)(ii), a fiduciary of a plan may seek obtain equitable relief to enforce the

terms of the plan. The Seventh Circuit has broadly defined the ERISA definition of fiduciary, 29 U.S.C. § 1002(21), to include "a person who exercises any power of control, management or disposition with respect to monies or other property of an employee benefit fund, or has the authority and responsibility to do so." *Farm King Supply, Inc. Integrated Profit Sharing Plan & Trust v. Edward D. Jones & Co.,* 884 F.2d 288, 292 (7th Cir.1989) (quoting *Forys v. United Food & Commercial Workers Int'l Union,* 829 F.2d 603, 607 (7th Cir.1987)). This broad definition is in accord with congressional intent to safeguard the interests of participants and their beneficiaries. *See e.g., Mutual Life Ins. Co. v. Yampol,* 840 F.2d 421, 425 (7th Cir.1988); *Leigh v. Engle,* 727 F.2d 113, 133–34 (7th Cir.1984). In *Buehler Ltd. v. Home Life Ins. Co.,* 722 F.Supp. 1554, 1563 (N.D.Ill. 1989), the court held that when the essence of a complaint was a wrongful denial of a life insurance policy benefit, the insurance company "is a 'fiduciary' within the meaning of ERISA, since it exercised at least some (indeed, most likely complete) authority to grant or deny benefits." Because Aetna exercises at least some authority to grant or deny benefits, as is evidenced by its initiation of this suit, the court finds that Aetna is a fiduciary within the meaning of ERISA.

■ The only jurisdictional issue that remains is whether this action is an equitable one for purposes of ERISA. The Ninth and Eleventh Circuits have held that an insurance company could not maintain federal jurisdiction over a suit for declaratory judgment seeking a declaration of its liability under a policy because these suits did not seek equitable relief for purposes of ERISA. *Transamerica Occidental Life Ins. Co. v. DiGregorio,* 811 F.2d 1249, 1251 (9th Cir.1987); *Gulf Life Ins. Co. v. Arnold,* 809 F.2d 1520, 1523 (11th Cir.1987). However, in *Metropolitan Life Ins. Co. v. Northern Trust Co. of Chicago,* 94–C–2850, 1996 WL 145974, at *5 (N.D.Ill. March 27, 1996), the court held that the plaintiff insurance companies could invoke federal question jurisdiction under ERISA in a suit for interpleader to determine the proper beneficiaries of insurance proceeds. In so holding, the court distinguished *Transamerica* and *Gulf* on the

ground that, unlike declaratory judgment, the rule interpleader is fundamentally equitable in nature. *Id.* (citing *Commercial Union Ins. Co. v. United States,* 999 F.2d 581, 588–89 (D.C.Cir.1993); Rogers, *Historical Origins of Interpleader,* 51 Yale L.J. 924 (1951)). The court also noted that ERISA's main purpose is as "a comprehensive remedial act designed to provide federal forums and uniform substantive law to safeguard the interests of employees and their beneficiaries" and thus a judicial rule permitting insurance companies to fulfill their fiduciary duties by bringing an interpleader action in a contested insurance benefits case furthers this intent. *Id.* at *7 (citing *Mutual Life Ins. Co. of N.Y. v. Yampol,* 840 F.2d 421, 425 (7th Cir.1987)). The court concurs with the rationale of the court in *Northern Trust* and holds that Aetna may maintain federal question jurisdiction pursuant to 29 U.S.C. § 1132(a)(3)(B) and 28 U.S.C. § 1331.

## II. Motion for Summary Judgment

### A. Background

Fred C. Blake (hereinafter "Decedent") and Carolyn Jean Blake were the parties to a Kenosha County divorce proceeding in which judgment was entered on June 7, 1988. The judgment of divorce (hereinafter "Judgment") incorporated the terms of the Marital Settlement Agreement (hereinafter "Agreement") between the parties. Section V, titled "Life Insurance" provides:

> The respondent shall maintain in full force and effect, if available life insurance that is provided through his employment with the parties [sic] minor children named as sole and irrevocable primary beneficiaries until the youngest minor child reaches the age of majority or until said child has reached the age of nineteen (19) so long as the child is pursuing and [sic] accredited course of instruction leading to the acquisition of a High School Diploma or its equivelent [sic]. During the term of such obligation, the respondent shall furnish the petitioner with copies of such policies or evidence of their being such insurance in force and proof of beneficiaries designation upon request.

The respondent shall not borrow against any such policy or use any such policy as collateral or impair its value in any manner without the express written consent of the petitioner or order of the court.

If the respondent fails for any reason to maintain any of the insurance required under this article, there shall be a valid [sic] and provable lien against his estate in favor of the specified beneficiaries to the extent of the difference between the insurance required and the actual death benefits received.

An insurance form Designation of Beneficiary, executed on July 19, 1993, named defendant Alicia Hager, Decedent's second wife. Fred C. Blake died on May 13, 1994. At the time of his death, he was insured by group life insurance policy number 500000, in the amount of $20,000 which was provided to him through his employment.

## B. Analysis

A motion for summary judgment will be granted when there are no genuine issues as to material fact and the movant is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P. As provided under Rule 56(c), only "genuine" issues of "material" fact will defeat an otherwise "proper" motion for summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "[M]aterial" facts are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute over such material facts is "genuine" if the evidence is such that a reasonable trier of fact could find in favor of the nonmoving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

The movant bears the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Rule 56(c) Fed.R.Civ.P.; *see Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970); *see also Celotex Corp. v. Catrett,* 477 U.S. at 323, 106 S.Ct. at 2552–53 (holding that the moving party has the responsibility of informing the court of portions of the record or affidavits that demonstrate the absence of a triable issue). In addition, the moving party may meet its burden of showing an absence of a material issue by demonstrating "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. at 2554. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 255, 106 S.Ct. at 2513–14; *Cain v. Lane,* 857 F.2d 1139, 1142 (7th Cir.1988); *Spring v. Sheboygan Area School Dist.,* 865 F.2d 883, 886 (7th Cir.1989). If the moving party meets its burden, the nonmoving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986).

The Blake defendants move for summary judgment claiming that they had a vested right to the policy proceeds pursuant to the Marital Settlement Agreement executed by Decedent and Carolyn Jean Blake and that their claim to the proceeds is superior to the Alicia Hager's claim. Defendant Hager argues that the only remedy for the Blake defendants is to file a claim against Decedent's estate, and that there are no equitable reasons to support the Blakes' claim for insurance proceeds. If the court does find that the Blakes have a vested right to the proceeds superior to Alicia Hager's claim, Hager asserts that Tammy Blake, the only minor child of Fred Blake at the time of his death, is the only child entitled to the benefits.

## 1. ERISA Preemption

Although the parties agree that Wisconsin law applies, the court must first determine whether ERISA preempts the Blake defendants' claim under the Judgment. ERISA provides a general preemption clause which states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). There is an exception to this preemption, added by the Retirement Equity Act of 1984, for "Qualified Domestic Relations Orders." 29

U.S.C. § 1144(b)(7). This provision excludes from ERISA preemption any domestic relations order which "creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan." 29 U.S.C. § 1056(d)(3)(B)(i)(I). To qualify, the order must "clearly specif[y]" four things: the mailing address of each alternate payee, "the amount or percentage of the participant's benefits to be paid by the plan to each such alternate payee, or the manner in which such amount or percentage is to be determined," "the number of payments or period to which such order applies" and "each plan to which such order applies." Sections 1056(d)(3)(C).

Here, the Judgment states that the children will reside with Carolyn Jean Blake and thus the children's addresses are that of Carolyn Jean Blake, which was provided in the Judgment. The distribution of the proceeds to the minor children until the youngest minor child reaches the age of majority or the age of nineteen if pursuing a high school diploma similarly provides enough specificity for purposes of ERISA. *See Metropolitan Life Ins. Co. v. Wheaton,* 42 F.3d 1080, 1085 (7th Cir.1994) (holding that a divorce decree requirement that both parties "maintain ... the life insurance which is presently carried through his/her employer with the children of the parties named as sole and irrevocable primary beneficiaries until the youngest minor child reaches the age of majority or until such child reached the age of nineteen" was specific enough to qualify as a domestic relations order). The Judgment clearly identifies the insurance plan to which it applies as that which is provided through Fred Blake's employment. Accordingly, the Blake defendants' claim under the Judgment is not barred by ERISA's general preemption clause.

### 2. Substantive Law

 However, the court must still determine whether the policy designation or the divorce decree should determine the appropriate beneficiary or beneficiaries to the insurance proceeds. There is no ERISA provision that expressly governs this dispute between benefit claimants and thus the court must construct a common law which effectuates the policies underlying ERISA. *Thomason v. Aetna Life Ins. Co.,* 9 F.3d 645, 647 (7th Cir.1993) (citing *Black v. TIC Investment Corp.,* 900 F.2d 112, 114 (7th Cir.1990)). Courts may use state common law as a basis for federal common law, but only to the extent that it is not inconsistent with congressional policy concerns. *Id.*

Issues of family law have traditionally been outside the realm of federal interest. *See Hisquierdo v. Hisquierdo,* 439 U.S. 572, 581, 99 S.Ct. 802, 808, 59 L.Ed.2d 1 (1979). In resolving claimant disputes over proceeds to an ERISA plan, the courts have looked favorably upon borrowing state law. *See e.g., Equitable Life Assurance Society v. Crysler,* 66 F.3d 944, 949 (8th Cir.1995); *Brandon v. Travelers Ins. Co.,* 18 F.3d 1321, 1326 (5th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 732, 130 L.Ed.2d 635 (1995); *Fox Valley & Vicinity Constr. Workers Pension Fund v. Brown,* 897 F.2d 275, 281–82 (7th Cir.) (en banc), *cert. denied,* 498 U.S. 820, 111 S.Ct. 67, 112 L.Ed.2d 41 (1990). Moreover, application of state law in a domestic relations case such as this one would be consistent with the Seventh Circuit's position prior to the passage of the Retirement Equity Act that state domestic relations law withstood ERISA preemption. *Wheaton,* 42 F.3d at 1082. As stated earlier, the parties agree that Wisconsin law applies, and this court is now satisfied that it is appropriate to apply Wisconsin law in determining the outcome of this dispute.

### 3. Application of Wisconsin Law

 A stipulation in a divorce action is in the nature of a contract the construction of which is a question of law for the court. *In re Boyd v. Boyd,* 18 Wis.2d 379, 381, 118 N.W.2d 705, 706 (1963); *Duhame v. Duhame,* 154 Wis.2d 258, 262, 453 N.W.2d 149, 150 (Wis.Ct.App.1989). The court must therefore seek a construction of the stipulation which will effectuate what appears to have been the intention of the parties. *Richards v. Richards,* 58 Wis.2d 290, 295, 206 N.W.2d 134, 136 (1973). "Under recognized rules of

interpretation of contracts, where one construction would make a contract unusual and extraordinary while another equally consistent with the language used would make it reasonable, just, and fair, the latter must prevail." *Bank of Cashton v. La Crosse County Scandinavian Town Mut. Ins. Co.,* 216 Wis. 513, 518, 257 N.W. 451, 452 (1934):

■ The Marital Settlement Agreement clearly states that the Decedent "shall maintain in full force, and effect, if available, life insurance that is provided through his employment with the parties [sic] minor children named as sole and irrevocable beneficiaries until the youngest minor child reaches the age of majority...." There is no dispute that Decedent had a life insurance policy through his employment and that Tammy Blake was a minor at the time of his death. Thus, pursuant to the judgment, Tammy Blake was to be named as a beneficiary of Decedent's insurance policy.

As to the other Blake children, they were not "minor" children at the time of Decedent's death and thus under the Judgment, Decedent was not required to name them as beneficiaries. According to the rules of contract law interpretation, the court must give reasonable meaning to the term "minor." Moreover, the Blake defendants' reading of "minor" as only referring to the status of the children at the time of the Agreement is inconsistent with the child support provision of the Agreement which continues child support benefits and medical payments until the "youngest child" reaches eighteen, nineteen if pursuing a high school diploma, or is earlier emancipated, regardless of whether the remaining children are minors. Lastly, the reasonable intent of providing insurance proceeds to minor children who have not finished high school or reached the age of majority is to provide a means of support for those children should the non-custodial parent die.

■ The Decedent's failure to name Tammy Blake as sole and irrevocable beneficiary of the life insurance policy constitutes a breach of this contract. The next issue is to determine the appropriate remedy. The Agreement itself provides that Tammy Blake could file a claim in the decedent's estate if Decedent "fails for any reason to maintain any of the insurance required under this article." Defendant Hager asserts that a proceeding in probate is thus the proper remedy for Tammy Blake. The court rejects this argument because the Decedent did not fail to maintain the required insurance; rather, he chose to designate a different beneficiary. Hager's reading of the contract would essentially nullify the provision requiring that the minor children be provided for with the insurance proceeds.

The Wisconsin courts have employed the remedy of a constructive trust in cases analogous to this one. In *Richards,* 58 Wis.2d at 292, 206 N.W.2d 134, the divorce judgment and stipulation required the decedent to name the minor children as his life insurance beneficiaries but, after remarrying, the decedent changed the life insurance beneficiary designation to name his second wife. The court held that the children of the deceased were equitably entitled to the proceeds of the insurance policy and that a constructive trust should be imposed on the policy proceeds for their benefit. *Id.* at 298–99, 206 N.W.2d 134. Similarly, in *Duhame,* 154 Wis.2d at 267–68, 453 N.W.2d 149, the Wisconsin Court of Appeals held that a constructive trust was properly imposed on policy proceeds where the decedent violated the divorce judgment which provided that the decedent name the minor children as beneficiaries of all life insurance available at his place of employment.

This case is distinguishable from *Parge v. Parge,* 159 Wis.2d 175, 180, 464 N.W.2d 217, 219 (Wis.Ct.App.1990), cited by defendant Hager as an example of a case where the Wisconsin Court of Appeals denied a constructive trust. In *Parge* the appellate court held that because the decedent did not have a preexisting insurance policy at the time of the divorce judgment, the minor children's right to be named as beneficiaries of an after acquired policy did not attach and thus the court denied imposition of a constructive trust. In this case, there is no dispute that since February 4, 1974, Decedent maintained the insurance policy in dispute and thus the children's rights vested in that policy at the time of the Agreement. The theory underlying the use of equitable constructive trust as

set forth in *Richards* and *Duhame* should be applied in this case.

Lastly, contrary to defendant Hager's assertion, there is no requirement that Tammy Blake set forth equitable reasons to support her claim on the insurance funds other than her status as a minor child. Indeed, as noted by the court in *Duhame*, there are strong equities in favor of minor children in light of a decedent's unlawful removal of them as primary beneficiaries of an insurance policy. *Duhame*, 154 Wis.2d at 268, 453 N.W.2d 149. Assuming the facts asserted by Hager, that at the time of his death Fred Blake was not supporting Tammy Blake and that she was seven months pregnant, does not change his obligation under the Agreement to designate Tammy as the sole beneficiary of his insurance proceeds. Unlike the child support provision of the Agreement, the insurance provision only changes the obligation regarding insurance proceeds when the youngest child turns eighteen or nineteen if still pursuing the equivalent of a high school diploma; it has no discontinuance proviso if the child is earlier emancipated. Tammy Blake was unjustly deprived of the $20,000 mandated by the Judgment and Alicia Hager, who was a stranger to that judgment, would be unjustly enriched by receiving the insurance proceeds reserved for any minor child.

**IT IS THEREFORE ORDERED** defendants Bobbie Jean Blake, Fred Charles Blake, Jr. and Tammy Lynn Blake's motion for summary judgment be **granted** in part and **denied** in part.

1. The defendants' motion should be **granted** in that the $20,000 life insurance proceeds which have been deposited into this court be paid to Tammy Blake pursuant to the Marital Settlement Agreement and subsequent Divorce Judgment.

2. The defendants' motion should be denied in all other respects.

3. Counsel for the defendant Tammy Blake should advise the court within ten days regarding the mechanics of payment so that an appropriate judgment can be entered effectuating this decision.