Mickey Critton, Plaintiff-Appellant,
v.
Jeffrey W. Jensen, Defendant-Respondent.
No. 2004AP2202.
Court of Appeals of Wisconsin.
Opinion Filed: April 26, 2005.
¶1 KESSLER, J.[1]
Mickey Critton appeals pro se from an order dismissing his small claims action against Jeffrey W. Jensen. According to the docket entry, the case was dismissed on June 9, 2004. The entry states: "Plaintiff NOT in court. Defendant in court by Attorney. Court received notice from plaintiff that he could not appear. Attorney Jensen moves to dismiss for not [sic] appearance. Court grants motion to dismiss."
¶2 This court has jurisdiction to consider Critton's appeal based on this docket entry. See WIS. STAT. § 808.03(1)(b).[2] This court affirms because Critton has not provided this court with a transcript of the trial court's oral decision.[3]See Duhame v. Duhame, 154 Wis. 2d 258, 269, 453 N.W.2d 149 (Ct. App. 1989) ("Appellate review is limited to the record before the appellate court, and we will assume in the absence of a transcript that every fact essential to sustain the trial judge's exercise of discretion is supported by the record."). Without a transcript of the June 9, 2004, hearing, this court cannot properly evaluate the trial court's decision and, instead, will assume the existence of the facts essential to sustain the trial court's decision. See id.
¶3 Moreover, this court notes that if the dismissal was the result of a default judgment (which this court cannot confirm without the transcript), then a direct appeal of that decision is precluded by WIS. STAT. § 799.29(1)(a), which states: "There shall be no appeal from default judgments, but the trial court may, by order, reopen default judgments upon notice and motion or petition duly made and good cause shown." While a party may appeal from the denial of a motion to reopen a default judgment, see General Tel. Co., v. A Corp., 147 Wis. 2d 461, 464-466, 433 N.W.2d 264 (Ct. App. 1988), there is no indication that Critton moved to reopen the default judgment or that the trial court acted on such a motion.[4] For these reasons, the order dismissing Critton's small claims action is affirmed.
By the Court.Order affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2003-04). All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] WISCONSIN STAT. § 808.03(1) provides in relevant part:

Appeals to the court of appeals. (1) APPEALS AS OF RIGHT. A final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment, order or disposition that disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding, and that is one of the following:
....
(b) Recorded in docket entries in ch. 799 cases.
[3] Critton filed a Statement of Transcript, checking the box stating: "A transcript is not necessary for prosecution of this appeal."
[4] Critton mailed numerous letters to the trial court, but did not file a formal motion to reopen the default judgment.