PER CURIAM.
¶1 Marcus Crumble appeals an order of the circuit court denying him any portion of his son's estate. The circuit court determined that the estate funds of Brandon T. Johnson should be distributed to Brandon's mother, Alicia Johnson, to prevent unjust enrichment. We affirm.
BACKGROUND
¶2 Brandon was born on January 9, 1987, and passed away on October 6, 2012, at the age of twenty-five.[1] It is undisputed that Brandon was conceived when Alicia was fifteen years old and Marcus was twenty years old. According to Alicia, Brandon's conception was the result of sexual assault. It is undisputed that Alicia and Marcus are first cousins.
¶3 It is undisputed that Marcus had little, if any, contact with Brandon before Brandon's college graduation. It is also undisputed that: Marcus moved to California when Brandon was five years old; Marcus was not adjudicated Brandon's father until Brandon was seventeen years old, despite Marcus's suspicion that he was Brandon's biological father; the adjudication was a result of a DNA test requested by Marcus's mother; and Marcus was then ordered to pay child support, which Marcus paid until Brandon was eighteen. Marcus also attended Brandon's funeral and paid for the funeral expenses.
¶4 It is also undisputed that Brandon was raised primarily by Alicia. Alicia provided Brandon's daily care and supported Brandon while he received both a high school and a college degree. Alicia provided for Brandon physically, financially, and educationally throughout his life.
¶5 On October 6, 2012, Brandon died while receiving treatment at the Milwaukee County Mental Health Complex. Brandon was not married, did not have children, and did not have a will. Brandon's estate brought a federal civil rights action and a wrongful death claim against both the health complex and Milwaukee County, alleging that Marcus died as a result of staff negligence and a failure to provide medical care. Both Marcus and Alicia were listed as plaintiffs, but it is undisputed that Marcus was inactive in the litigation. Following a settlement agreement, the estate received $1.4 million.
¶6 Alicia brought a declaratory judgment action in federal court to preclude Marcus from inheriting half of Brandon's estate.[2] The federal action was dismissed for improper venue. Alicia then brought the action in Milwaukee County Probate Court. Alicia argued that Marcus abandoned Brandon within the meaning of WIS. STAT. § 852.14, which provides, as relevant:
Inheritance by a parent who abandons a child
(1) In this section, "abandoned" means failed without cause to do all of the following for at least one year immediately before the death of a minor child:
(a) Communicate with the minor.
(b) Care for the minor as required by law or court order.
(c) Provide for the minor's maintenance or support as required by law or court order.
....
(3) Notwithstanding s. 852.01(1), if a court determines that a parent abandoned his or her minor child and the child died intestate while a minor, the parent may not inherit from the child's estate under s. 852.01. If a parent is barred from inheriting from a child's estate under this section, the child's estate passes under s. 852.01 as if the parent predeceased the child.
Alicia also argued that in the context of § 852.14 and the doctrine of unjust enrichment, Marcus was precluded from inheriting half of Brandon's estate.
¶7 Following a hearing, the circuit court issued a lengthy and thoughtful decision in which it determined that WIS. STAT. § 852.14 unambiguously did not apply to the facts of this case because Brandon was not a minor when he passed away. However, the court determined that Marcus was not entitled to inherit half of Brandon's estate under the equitable doctrine of unjust enrichment. The court explained its rationale as follows:
Applying ... unjust enrichment to this case, the evidence shows: (1) a benefit is being conferred upon Mr. Crumble by Brandon's estate; (2) Mr. Crumble has knowledge of this benefit; and (3) acceptance of this benefit by Mr. Crumble, rather than distribution to Ms. Johnson, is inequitable ....
Mr. Crumble's retention of this benefit is inequitable because he was absent for the majority of Brandon's life and committed minimal resources to his care. Accepting that the level of involvement alleged by Mr. Crumble in his affidavit is true, rather than the complete abandonment alleged by Ms. Johnson, Mr. Crumble still moved to California when Brandon was five years old and had minimal or no contact with him until Brandon graduated from college at age 22. Furthermore, Mr. Crumble paid no child support until Brandon was 17 years old, when Mr. Crumble was determined to be Brandon's biological father via DNA testing.
Conversely, Ms. Johnson cared for Brandon from birth, giving him a home and providing for him financially. Under Ms. Johnson's care, Brandon graduated from both high school and college. From all the evidence this Court has received, it is evident Brandon was a law-abiding and contributing member of society, which is a strong credit to Ms. Johnson's care as his mother. Furthermore, Ms. Johnson was significantly involved in the Federal civil rights lawsuit that resulted in the settlement funds while Mr. Crumble was not involved at all.
... Under the tragic facts and circumstances of this case, including the fact that Mr. Crumble committed both statutory rape and incest, this Court will not allow a six figure windfall to be awarded to Mr. Crumble.
Therefore, the undisputed evidence establishes that to distribute half of the settlement funds to Mr. Crumble would constitute unjust enrichment. Mr. Crumble's receipt of this benefit would be inequitable for the reasons stated above.[3 ]
This appeal follows.
DISCUSSION
¶8 On appeal Marcus argues that: (1) the circuit court erred by "using WIS. STAT. § 852.14 as instructive" in reaching its unjust enrichment decision because that statute does not apply to the facts of this case; and (2) the facts of this case do not satisfy the elements of unjust enrichment. We reject each of Marcus's arguments as follows.
I. The Circuit Court did not Base its Unjust Enrichment Decision on WIS. STAT. § 852.14.
¶9 As we explain, Marcus's argument based on WIS. STAT. § 852.14 fails because the record establishes that the circuit court did not rely on that statute in reaching its decision. Section 852.14 provides:
Inheritance by a parent who abandons a child
(1) In this section, "abandoned" means failed without cause to do all of the following for at least one year immediately before the death of a minor child:
(a) Communicate with the minor.
(b) Care for the minor as required by law or court order.
(c) Provide for the minor's maintenance or support as required by law or court order.
....
(3) Notwithstanding s. 852.01(1), if a court determines that a parent abandoned his or her minor child and the child died intestate while a minor, the parent may not inherit from the child's estate under s. 852.01. If a parent is barred from inheriting from a child's estate under this section, the child's estate passes under s. 852.01 as if the parent predeceased the child.
¶10 Marcus argues that WIS. STAT. § 852.14 does not apply to this case. By its plain language, the statute applies only when a child dies while still a minor.[4] Here, Brandon was twenty-five years old when he died intestate. Therefore, the statute on its face does not apply here.
¶11 The problem for Marcus is that the circuit court agreed, stating, "[t]he statute unambiguously applies only to minors who die intestate." The remainder of the court's decision clearly demonstrates that the circuit court did not base its unjust enrichment decision on the statute that the court itself acknowledged was inapplicable. Accordingly, Marcus's argument based on WIS. STAT. § 852.14 fails.
II. The Facts Satisfy the Elements of Unjust Enrichment.
¶12 The circuit court based its decision on the doctrine of unjust enrichment. The circuit court noted that "[t]his case does not perfectly conform to the standard claim for unjust enrichment"; but determined that the doctrine nonetheless applies to the facts of this case because "it is clear courts have construed the elements more broadly when equity so requires." We agree.
¶13 An unjust enrichment action sounds in equity. General Split Corp. v. P & V Atlas Corp. , 91 Wis. 2d 119, 124, 280 N.W.2d 765 (1979). An action in equity for unjust enrichment is based upon the universally recognized moral principle that one who has received a benefit has the duty to make restitution when to retain it without payment of its value would be unjust. Puttkammer v. Minth , 83 Wis. 2d 686, 689, 266 N.W.2d 361 (1978). The circuit court's exercise of discretion that is based upon the relevant law, the facts, and a process of logical reasoning will not be overturned on appeal. Hartung v. Hartung , 102 Wis. 2d 58, 66, 306 N.W.2d 16 (1981).
¶14 A circuit court's decision to grant equitable relief in an action for unjust enrichment is discretionary, but whether the undisputed facts satisfy the elements of unjust enrichment presents a question of law that we review de novo. See Tri-State Mechanical, Inc. v. Northland Coll. , 2004 WI App 100, ¶13, 273 Wis. 2d 471, 681 N.W.2d 302. To recover on a claim for unjust enrichment, "three elements must be proven: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under circumstances that makes its retention inequitable." Id. , ¶14.
¶15 Marcus contends that the facts of this case do not support the application of unjust enrichment. Specifically, Marcus argues that "no benefit was conferred upon Marcus by anyone" and argues that the circuit court relied on inappropriate case law dealing with constructive trusts to conclude that Brandon's estate conferred a benefit upon Marcus. He also argues that the court erred in finding his claims to inheritance inequitable. We disagree.
¶16 The circuit court relied on multiple cases that approved of the creation of constructive trusts where the benefits were provided by third parties; specifically, deceased third parties. See Sulzer v. Diedrich , 2003 WI 90, ¶¶18-19, 263 Wis. 2d 496, 664 N.W.2d 641 ; Duhame v. Duhame , 154 Wis. 2d 258, 262, 453 N.W.2d 149 (Ct. App. 1989) ; Prince v. Bryant , 87 Wis. 2d 662, 674, 275 N.W.2d 676 (1979). In Sulzer , our supreme court affirmed our imposition of a constructive trust over the proceeds of an ex-spouse's retirement account, despite our determination that there was a failure to satisfy the unjust enrichment "requirement that a benefit be conferred upon the defendant by the plaintiff." See id. , 263 Wis. 2d 496, ¶¶18-19. In Duhame , we affirmed the circuit court's imposition of a constructive trust over a decedent's life insurance proceeds where the decedent's children alleged that the decedent changing beneficiaries in favor of the decedent's second wife unjustly enriched the second wife. Id. , 154 Wis. 2d at 261. We concluded that the deceased's second wife would otherwise be unjustly enriched. Id. In Prince , the supreme court affirmed the circuit court's imposition of a constructive trust over a decedent's life insurance proceeds where the decedent's ex-wife alleged that the decedent improperly changed beneficiaries, unjustly enriching the decedent's sister. Id. , 87 Wis. 2d at 664.
¶17 None of these third-party constructive trust cases emphasized the three specific unjust enrichment elements; rather, all of the reviewing courts concluded that equitable principles required the particular outcomes. The underlying principles of these cases support the proposition that a court may find unjust enrichment when a benefit is provided to the defendant by a third party. Applying that proposition to the facts of this case, we conclude that Brandon's estate (the third party) conferred a benefit to Marcus (the defendant).
¶18 The doctrine of unjust enrichment also requires a plaintiff to show "the acceptance or retention by the defendant of the benefit under circumstances that makes its retention inequitable." Tri-State Mechanical, Inc. , 273 Wis. 2d 471, ¶14. Marcus contends that because Brandon's death resulted from "the negligence of the Milwaukee County Mental Health Complex," not from "any unconscionable conduct of Marcus," the circuit court erred in finding Marcus's inheritance of any portion of Brandon's estate inequitable. We disagree.
¶19 The circuit court's determination was not based on conclusions it drew about the circumstances of Brandon's death. Rather, the court's determination was based on conclusions it drew about Marcus's nearly total lack of involvement in Brandon's life. The court found that Marcus was absent for a majority of Brandon's life, had virtually no contact with Brandon, committed minimal resources to Brandon's care, and was not adjudicated Brandon's father until Brandon was seventeen years old, at which point Marcus paid child support for less than one year. The court also noted that Brandon's conception was a result of at least two felonies-statutory rape and incest.
¶20 Conversely, the court found that Alicia was a constant presence in Brandon's life, providing for him financially, educationally, and medically. The court noted that under Alicia's care, Brandon graduated from both high school and college and "was a law-abiding and contributing member of society." The court also found that Alicia was significantly involved in the federal lawsuit which resulted in the settlement at issue, whereas Marcus had no active involvement in that litigation.
¶21 Based on these facts, we agree with the circuit court that "the undisputed evidence establishes that to distribute half of the settlement funds to [Marcus] would constitute unjust enrichment. [Marcus's] receipt of this benefit would be inequitable." To allow Marcus to retain a benefit conferred upon him by the estate of the son he barely acknowledged would violate both logic and the basic principles of fairness. By Marcus's own admission, his role in Brandon's life was, at best, minimal in both time and financial support. We conclude under the facts and circumstances of this case that equity requires barring Marcus from inheriting any portion of Brandon's estate.
¶22 For the foregoing reasons, we affirm the circuit court.[5]
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

Because Brandon and Alicia share the same last name, we refer to all of the parties by their first names.

Because Brandon died intestate and had no surviving spouse or children, his estate would normally be divided between his parents under Wis. Stat. § 852.01 (2017-18), which sets forth the rules for intestate succession. See § 852.01(c) (if no surviving spouse or issue, the net estate passes to the decedent's parents). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

The circuit court ordered the Special Administrator of Brandon's estate to reimburse Marcus for Brandon's funeral expenses from the estate funds.

This court interprets and applies statutes de novo. See DOR v. River City Refuse Removal, Inc. , 2007 WI 27, ¶26, 299 Wis. 2d 561, 729 N.W.2d 396. In analyzing a statute, we apply rules of statutory construction. Our analysis begins with an examination of the plain language of the statute, with the goal to give effect to the legislature's intent. See State v. Cardenas-Hernandez , 219 Wis. 2d 516, 538, 579 N.W.2d 678 (1998). If the plain language is unambiguous, we apply the ordinary meaning of the statutory language to the facts before us. See id.

To the extent Marcus raises issues not addressed by this decision, we conclude that our resolution of the issues addressed is dispositive and that the record supports the circuit court.