MERCHANTS TRUST COMPANY, The Merchants Bank, and The Merchants Bank Section 401(K) Employee Stock Ownership Plan, Plaintiffs,

v.

Cameron BATCHELDER, Executor of the Estate of Charles Batchelder, and Margaret Batchelder, Defendants.

No. 2:96–CV–358.

United States District Court,
D. Vermont.

March 24, 1997.

Stephen P. Magowan, Erik B. Fitzpatrick, Gravel & Shea, Burlington, VT, for plaintiffs.

J. William O'Brien, Winooski, VT, for Cameron Batchelder.

Eileen Morris Blackwood, Blackwood and Kraynak, Burlington, VT, for Margaret Batchelder.

## OPINION AND ORDER

SESSIONS, District Judge.

In this complaint for interpleader and declaratory relief, Plaintiffs Merchants Trust Company, The Merchants Bank, and The Merchants Bank Section 401(k) Employee Stock Ownership Plan, seek a determination of the Defendants' respective rights to a pension plan account of the deceased, Charles Batchelder, in the amount of $9,066.15. Defendants are Margaret Batchelder, surviving spouse and named beneficiary under the plan, and Cameron Batchelder, executor of the estate of Charles Batchelder. Both Defendants have filed motions to dismiss. Defendant Margaret Batchelder has filed a motion to disqualify counsel for Plaintiffs. For the reasons that follow, Defendants' motions are denied.[1]

## BACKGROUND

According to the Complaint, Charles Batchelder was an employee of Merchants Bank, and a participant in the bank's Section 401(k) Stock Ownership Plan (the "Plan"), a pension plan subject to the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* (1985

---

1. Margaret Batchelder requested oral argument on the motions to dismiss. The Court finds that the issues have been well briefed and thus declines to hear oral argument, pursuant to Local Rule No. 5(a)(4).

and Supp.1996). He died on July 16, 1996. Cameron Batchelder, as Executor of Charles's estate, and Margaret Batchelder, as his surviving spouse, have made competing claims to the balance of Charles's account under the Plan. Plaintiffs filed a complaint for interpleader and declaratory relief in this Court, pursuant to Fed.R.Civ.P. 22 and 29 U.S.C. § 1132(a)(3), to settle the Defendants' respective rights to the balance of the account.

Cameron Batchelder's Motion to Dismiss asserts that this Court lacks subject matter jurisdiction over this matter; that the Plaintiffs lack standing to bring this action; and that this Court should abstain from exercising jurisdiction over this claim, in deference to the pending proceedings in Vermont Probate Court, Lamoille District (Docket No. LP–89–96). Margaret Batchelder's Motion to Dismiss asserts that Plaintiffs have failed to state a claim upon which relief can be granted, because she is the only one entitled to receive any amounts currently in the Plan. Margaret Batchelder has also moved to disqualify Plaintiffs' counsel, because the same firm represents Cameron Batchelder in the probate court proceeding.

## DISCUSSION

### I. Cameron Batchelder's Motion to Dismiss

■ Cameron Batchelder moves to dismiss for lack of subject matter jurisdiction, claiming that Plaintiffs are not entitled to maintain an action under 29 U.S.C. § 1132. That section provides, in pertinent part, that a civil action may be brought by a fiduciary "to obtain ... appropriate equitable relief ... to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3)(B)(ii) (1985). Cameron Batchelder asserts that Plaintiffs' action does not seek to enforce the terms of the Plan.[2]

■ A fiduciary may bring an interpleader action in district court pursuant to 29 U.S.C. § 1132(a)(3)(B) for a declaration as to which claimant is entitled to receive benefits from a plan covered by ERISA. *Grabois v. Jones,*

89 F.3d 97, 99 (2d Cir.1996). *See also Equitable Life Assurance Soc. v. Crysler,* 66 F.3d 944, 946 (8th Cir.1995); *O'Shea v. First Manhattan Co. Thrift Plan & Trust,* 55 F.3d 109, 111 (2d Cir.1995); *Aetna Life Ins. Co. v. Hager,* 930 F.Supp. 343, 344–45 (E.D.Wis. 1996); *New Orleans Elec. Pension Fund v. DeRocha,* 779 F.Supp. 845, 848–49 (E.D.La. 1991).

Cameron Batchelder has cited no authority for his claim that the Court lacks subject matter jurisdiction. In light of the plain language of the statute, and authority construing that language to permit an interpleader of this nature, the Court holds that it has subject matter jurisdiction under § 1132(a)(3)(B).

■ Cameron Batchelder has argued further that this Court should abstain from exercising jurisdiction over this action, because the state probate court provides an adequate forum for a determination of which claimant is entitled to the proceeds of the decedent's retirement account. This Court has no doubt that the Lamoille Probate Court would be a more than adequate forum for a determination of the claimants' rights respecting this retirement account; however, 29 U.S.C. § 1132(e) (Supp.1996) provides that "the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by ... a fiduciary." State courts thus lack jurisdiction over this action to determine and enforce the terms of a pension plan governed by ERISA. Accordingly, Cameron Batchelder's Motion to Dismiss is Denied.

### II. Margaret Batchelder's Motion to Dismiss

■ Margaret Batchelder moves to dismiss the interpleader action, claiming that under the explicit terms of the Plan, she and she alone is entitled to the amounts in Charles Batchelder's account. As Plaintiffs point out, however, Cameron Batchelder, as the executor of Charles's estate, also has a colorable claim to the disputed proceeds.

---

**2.** He apparently does not contest that the Plan is governed by ERISA, nor that Merchants Trust is a fiduciary.

According to the complaint, Charles Batchelder apparently intended to, and completed all procedures necessary to, receive the proceeds of his Plan account prior to his death. Because both parties have colorable claims to the proceeds of the Plan account, interpleader is appropriate, and Margaret Batchelder's Motion to Dismiss is Denied.

III. Margaret Batchelder's Motion to Disqualify

 Margaret Batchelder also moves to disqualify the law firm of Gravel and Shea from representing the plaintiffs in this matter, because the same firm has entered a notice of appearance on behalf of Cameron Batchelder in the Lamoille Probate Court. Gravel and Shea appears in this case on behalf of a disinterested stakeholder, which seeks only to deposit the funds it holds into the Court's registry, to require the Defendants to interplead, and to be dismissed from the action. Her Motion to Disqualify is Denied.

### ORDER

Accordingly, it is hereby ORDERED:

1. Defendants' Motions to Dismiss and to Disqualify (papers 4, 5, and 7) are DENIED;

2. Defendants shall interplead within thirty days from the date of this order, and show cause by that date why the sum of $9,066.15 should not be deposited with the registry of the Court;

3. Defendants shall file a discovery schedule in compliance with local rules within sixty days from the date of this order;

4. Upon payment by the Trustee into the Court registry, Plaintiffs will have satisfied their obligations under the Plan, and will be dismissed from this suit;

5. Plaintiffs may thereupon submit an application for attorneys' fees for the Court's consideration. Any opposition shall be filed within ten days of service of the application.