TRI-STATE MECHANICAL, INC. and Roffers Construction Company, Inc., Petitioners,

v.

NORTHLAND COLLEGE, Defendant-Respondent,

NORTHWOODS PAVING COMPANY, Defendant,

WYNN O. JONES & ASSOCIATES, INC., Defendant-Appellant.

NORTHLAND COLLEGE, Third-Party Plaintiff-Respondent,

v.

FRANK TOMLINSON CO., INC.,Third-Party Defendant.

Court of Appeals

*No. 03–2182. Submitted on briefs March 3, 2004.—Decided April 13, 2004.*

2004 WI App 100

(Also reported in 681 N.W.2d 302.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Steven M. Anderson* and *Melissa S. Kampmann* of *Ruder, Ware & Michler, L.L.S.C.* of Wausau.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Lowell J. Noteboom, Robert J. Huber* and *Mary E. Schwind* of *Leonard, Street & Deinard* of Minneapolis, MN.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. Wynn O. Jones & Associates, Inc. (Jones), appeals a judgment dismissing its claims for labor costs against Northland College. Jones argues the trial court erred by concluding Jones (1) tendered a valid construction lien waiver and (2) could not recover the reasonable value of its services on an unjust enrichment theory. We affirm the judgment.

¶ 2. Northland contracted with Frank Tomlinson Company, Inc., to build a new science building on Northland's campus. The contract required Northland to pay Tomlinson its costs, plus a markup for overhead and profit up to a guaranteed maximum price, which in the end totaled nearly $5 million.

¶ 3. Tomlinson subcontracted with Jones to provide labor for the installation of the science lab case work materials. According to the subcontract, Tomlin-

474

son was supposed to pay Jones $96,800. The contract contained a construction lien waiver provision that required, "as an explicit condition precedent to the accrual of [Jones'] right to final payment," Jones to "furnish[] [Tomlinson] with a properly executed and notarized copy of a Release and Waiver of liens." Jones performed all the necessary work and submitted a construction lien waiver for $96,800, which Tomlinson forwarded to Northland. While Northland paid Tomlinson the full contract price of nearly $5 million pursuant to their contract, Tomlinson never paid Jones the $96,800 it was owed, and Tomlinson went out of business before all work was finished on the science building.

¶ 4. Five months after Jones completed work, it filed a construction lien against Northland for $96,800. After Tri-State Mechanical, Inc., another subcontractor that had not been paid, sued Northland, Tomlinson, and a host of other parties that included Jones, Jones cross-claimed against Northland seeking lien foreclosure or, alternatively, compensation for its work on an unjust enrichment theory. Northland answered that Jones waived its lien rights by furnishing a construction lien waiver.

¶ 5. After a court trial, the court dismissed Jones' claims against Northland. The court concluded that while the lien waiver provision in Jones' contract with Tomlinson was void pursuant to WIS. STAT. § 779.135,[1] Jones nevertheless produced a valid lien waiver before having been paid. Therefore, the court concluded Jones' construction lien was unenforceable in the first place. The court also concluded Jones could not recover from

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

Northland for unjust enrichment because Northland had already paid Tomlinson, the prime contractor, the full contract price for the benefits it received. Jones appeals.

### DISCUSSION

### I. LIEN WAIVER

¶ 6. Jones first argues that because WIS. STAT. § 779.135(1) voids the construction lien waiver provision in its contract with Tomlinson, its subsequent lien waiver, submitted in reliance upon that provision, should be void.[2] To conclude otherwise, Jones argues, renders § 779.135(1) meaningless. *See State v. Eichman,* 155 Wis. 2d 552, 560, 456 N.W.2d 143 (1990) ("A statute should be construed so as to not render any part of it superfluous, if such construction can be avoided.").

¶ 7. Statutory interpretation is a question of law we review de novo. *German v. DOT,* 2000 WI 62, ¶ 7, 235 Wis. 2d 576, 612 N.W.2d 50. The goal of statutory interpretation is to discern the legislature's intent. *State v. Byers,* 2003 WI 86, ¶ 13, 263 Wis. 2d 113, 665 N.W.2d 729.

¶ 8. Jones correctly indicates that WIS. STAT. § 779.135(1) voids a provision that requires a subcontractor to waive its right to a construction lien before it

---

[2] WISCONSIN STAT. § 779.135 states in relevant part:

The following provisions in contracts for the improvement of land in this state are void:

(1) Provisions requiring a contractor, subcontractor or material supplier to waive his or her right to a construction lien or to a claim against a payment bond before he or she has been paid for the labor or materials or both that he or she furnished.

can get paid. We also agree with Jones' assertion that the policy behind the statute was to ensure that contractors and subcontractors were paid for their work before they were required to produce a lien waiver. And we further agree with Jones that one of the general purposes of construction lien laws is to protect subcontractors of building projects. *See Kraemer Bros. v. Pulaski State Bank*, 138 Wis. 2d 395, 399, 406 N.W.2d 379 (1987).

■

¶ 9. However, we do not agree that the construction lien waiver filed by Jones is consequently void. WISCONSIN STAT. § 779.05(1) specifically allows a subcontractor who has signed a contract containing a lien waiver provision to "refuse to furnish a waiver unless paid in full for the work or material to which the waiver relates."[3] Thus, the legislature has provided a subcontractor facing a void construction lien waiver contract provision with a choice: it can either tender a lien

---

[3] WISCONSIN STAT. § 779.05(1) reads in full:

Any document signed by a lien claimant or potential claimant and purporting to be a waiver of construction lien rights under this subchapter, is valid and binding as a waiver whether or not consideration was paid therefor and whether the document was signed before or after the labor or material was furnished or contracted for. Any ambiguity in such document shall be construed against the person signing it. Any waiver document shall be deemed to waive all lien rights of the signer for all labor and materials furnished or to be furnished by the claimant at any time for the improvement to which the waiver relates, except to the extent that the document specifically and expressly limits the waiver to apply to a particular portion of such labor and materials. *A lien claimant or potential lien claimant of whom a waiver is requested is entitled to refuse to furnish a waiver unless paid in full for the work or material to which the waiver relates.* A waiver furnished is a waiver of lien rights only, and not of any contract rights of the claimant otherwise existing. (Emphasis added.)

477

waiver prior to being paid or refuse to do so until it is paid. By giving the subcontractor a choice, the legislature has essentially made a policy decision that endorses whatever course of action the subcontractor takes. Here, Jones submitted a construction lien waiver before being paid notwithstanding the void contract waiver provision. In light of § 779.05(1), Jones' construction lien waiver is valid.

¶ 10. Jones argues this conclusion places an unreasonable level of legal sophistication on subcontractors and assumes Jones knew it could refuse to comply with a void contract provision. However, as a general proposition, every person, sophisticated or otherwise, is presumed to know the law. *Putnam v. Time Warner Cable*, 2002 WI 108, ¶ 13 n.4, 255 Wis. 2d 447, 649 N.W.2d 626. Thus, Jones' argument is of no avail.

¶ 11. Jones also contends the lien waiver should not bar it from foreclosing on its lien because Northland could not have reasonably relied upon the lien waiver. Without finding any Wisconsin authority to support this contention, Jones directs us to *Fisher v. Harris Bank & Trust Co.*, 506 N.E.2d 418, 423 (Ill. App. Ct. 1987), where the Illinois Appellate Court held that "while a clear unambiguous waiver of mechanic's lien rights bars an action under the Mechanics' Lien Act, this rule is only applicable where an innocent party has relied upon that waiver in making payments to the general contractor." Jones claims we should apply this principle to construction liens and, when applied, we should conclude Northland was not an innocent party that relied on the lien waiver given its knowledge that Tomlinson had not been paying Jones for its work.

¶ 12. We reject Jones' invitation to supplement the statute with an "innocent party" requirement because this is a matter for legislative action. Quite simply, "It is not the function of the court to add language to a statute . . . ." *State ex rel. USF&G Co. v. Smith,* 184 Wis. 309, 316, 199 N.W. 954 (1924).

## II. UNJUST ENRICHMENT

¶ 13. Jones' second argument is that the trial court erroneously exercised its discretion when it concluded Jones could not recover under a theory of unjust enrichment. While a trial court's decision to grant equitable relief in an action for unjust enrichment is discretionary, *see Ulrich v. Zemke,* 2002 WI App 246, ¶ 8, 258 Wis. 2d 180, 654 N.W.2d 458, the application of the facts to the unjust enrichment legal standard is a question of law that we review de novo. *Waage v. Borer,* 188 Wis. 2d 324, 328, 525 N.W.2d 96 (Ct. App. 1994).

¶ 14. To recover on a claim for unjust enrichment, three elements must be proven: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under circumstances that makes its retention inequitable. *S & M Rotogravure Serv. v. Baer,* 77 Wis. 2d 454, 460, 252 N.W.2d 913 (1977).

¶ 15. Jones acknowledges that a claim for unjust enrichment is not available to an unpaid subcontractor if the owner—that is, the recipient of the benefits—has already paid for the benefits conferred, even though the

479

subcontractor has not received payment from the general contractor. *See Puttkammer v. Minth*, 83 Wis. 2d 686, 690, 266 N.W.2d 361 (1978). Nevertheless, it argues its unjust enrichment claim does not fail because there was no evidence that Northland issued any check to Tomlinson specifically for the work Jones performed.

¶ 16. However, Jones has not provided us with any authority that requires an owner to issue payments to a general contractor designated as payment to a subcontractor for specific work the subcontractor performed. Here, it is unrefuted that Northland paid Tomlinson the contract price plus excess costs. Thus, Northland has fully paid for the benefits it received. Therefore, because Jones' unjust enrichment claim fails as a matter of law, the trial court did not erroneously exercise its discretion by denying Jones equitable relief.

*By the Court.*—Judgment affirmed.