COURT OF APPEALS
DECISION
DATED AND FILED

April 30, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1818**

STATE OF WISCONSIN

Cir. Ct. No. 2013PR12

IN COURT OF APPEALS
DISTRICT IV

IN RE THE ESTATE OF KATHERINE A. FARGEN:

ESTATE OF KATHERINE A. FARGEN,
RONALD RIPLEY AND JOANNE RIPLEY,

  APPELLANTS,

  V.

THOMAS FARGEN AND JEANNE FARGEN,

  RESPONDENTS.

APPEAL from order of the circuit court for Sauk County: WENDY J.N. KLICKO, Judge. *Reversed and cause remanded with directions.*

Before Blanchard, Kloppenburg, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.     This probate case opened with the filing of Katherine A. Fargen's will.  Opposing Katherine's estate ("the Estate") are Katherine's son, Thomas Fargen Jr., and his wife, Jeanne.[1]  As pertinent to the issues raised on appeal, the amended complaint that Fargen Jr. filed against the Estate includes an unjust enrichment claim.  Fargen Jr. claims that, over a number years, the Estate was unjustly enriched by his work on and contributions to a family farm owned by Katherine and her husband, Thomas Fargen Sr., who predeceased Katherine.[2]  The farm is an asset of the Estate that Katherine's will disposes to three of her children, including Fargen Jr.

¶2     A trial was held on Fargen Jr.'s claims, at which the jury rendered verdicts on the unjust enrichment claim.  The circuit court treated the unjust enrichment verdicts as merely advisory.  The jury advised that Fargen Jr. should prevail on the unjust enrichment claim for benefits conferred on his parents, now held by the Estate.  The jury also advised that the "reasonable value" of the benefits that Fargen Jr. conferred on his parents is the entire 181-acre family farm.

¶3     The circuit court ruled that Fargen Jr. proved unjust enrichment and determined that the remedy is to award him ownership of the entire farm.[3]

¶4     On appeal, the Estate argues that the circuit court failed to provide an adequate basis to explain why the senior Fargens were unjustly enriched by the

_____

[1] We refer to Thomas Fargen Jr. and Jeanne Fargen collectively as "Fargen Jr.," or "the junior Fargens," and to the individual Thomas as "Thomas Fargen Jr."

[2] We refer to Katherine Fargen and Thomas Fargen Sr. collectively as "the senior Fargens."

[3] The circuit court also denied a motion for reconsideration by the Estate, but the order denying reconsideration did not make any substantive points, explaining that the court would not be changing its positions.  For this reason, we do not separately address the reconsideration order, but merely reverse it along with the substantive written decision.

approximate value of, or by the senior Fargens' possession of, the entire farm. We agree that the court failed to demonstrably exercise its discretion on this issue in a manner consistent with the applicable legal standards. The Estate also argues that the court failed to consider its laches defense, which the court needed to do before it could rule in favor of Fargen Jr. on unjust enrichment. We agree with this argument as well.

¶5 Accordingly, we reverse the court's ruling awarding the entire farm to Fargen Jr., and remand with directions to resolve one or more of these sets of issues, as appropriate, demonstrating the court's independent exercise of discretion based on relevant evidence and pertinent legal standards. We say "one of more of these sets of issues" because we intend to give the circuit court wide berth on remand, given the posture of this appeal and our reasons for reversal. For example, if the circuit court were to determine that the Estate has a valid laches defense, then the court would not need to address whether the senior Fargens were unjustly enriched by any particular amount or what the proper remedy is. On the other hand, if the court determines that the Estate does not have a valid laches defense, then the other issues would need to be addressed.

¶6 Extensive background is not necessary. First, the parties disagree about much, but our reasons for reversal do not require us to address many of their disagreements. One notable example of agreement between the parties is that Fargen Jr. does not contest dismissal of his claims of breach of express contract and breach of implied contract against the Estate, separately from the unjust enrichment claim. Second, we remand for the circuit court to demonstrably exercise its discretion on one or both of two sets of well-defined issues, without the need for significant clarification of legal issues by this court. It will be for the circuit court on remand to determine what weight to assign various pieces of evidence presented

at the jury trial. We stress that we do not include in this opinion references to any number of pieces of evidence from the 4-day trial to which either side may reasonably point in making arguments following remand. We make brief references to only a small percentage of the evidence presented at trial, and even then only to explain the positions of the parties and why we conclude that reversal is necessary.

¶7    Turning to essential background facts, as noted above, Katherine's will divides the Fargen family farm among three of her children, including Fargen Jr. But, as pertinent to this appeal, Fargen Jr. argues that he is entitled to ownership of the entire farm as the restitution award for the unjust enrichment he conferred on the senior Fargens. Fargen Jr. presented evidence at trial from which he now argues "it can be reasonably inferred" that he "conferred a benefit on the senior Fargens that far exceeded" the $60,000 price that he testified Fargen Sr. put on the entire farm when telling Thomas Fargen Jr. in 1977 that the senior Fargens would sell it to Fargen Jr. For years after 1977, under Fargen Jr.'s theory, he lived on and worked the farm, conferring benefits on the senior Fargens, which they accepted and retained under circumstances that make this unjust. These contributions allegedly included purchasing machinery and a feed mill, enrolling the farm in a program that improved the quality of the herd and the milk sold in the marketplace, and paying the senior Fargens proceeds from milk revenue.

¶8    For its part, the Estate argues that, in the circuit court's challenged decision, the court did not demonstrate a proper exercise of its discretion in explaining what specific evidence at trial established the value of particular benefits that Fargen Jr. conferred, that were accepted by the senior Fargens, which would be unjust for the Estate to retain. The Estate contends that this included the failure of the circuit court to explain why it awarded the entire farm to Fargen Jr., as well as

4

the failure to explain why laches does not apply to bar the unjust enrichment claim. We agree with the Estate's arguments on these points.

¶9   We first summarize pertinent legal standards, and then address the arguments of the parties.

*Legal Standards*

¶10   A plaintiff must prove three elements to establish a claim for unjust enrichment:  (1) a benefit conferred on the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under circumstances that makes that inequitable.  ***Tri-State Mech., Inc. v. Northland Coll.***, 2004 WI App 100, ¶14, 273 Wis. 2d 471, 681 N.W.2d 302.

¶11   "[A]n action for recovery based upon unjust enrichment is grounded on the moral principle that one who has received a benefit has a duty to make *restitution* where retaining such a benefit would be unjust."  ***Watts v. Watts***, 137 Wis. 2d 506, 530, 405 N.W.2d 303 (1987) (emphasis added).  The court's use of the term "restitution" in ***Watts***, as opposed to "damages," is intentional.  Unjust enrichment rests on equitable principles and the remedy is measured strictly by the benefit conferred on the defendant, not by any losses to the plaintiff.  *See* ***Management Comput. Servs., Inc. v. Hawkins, Ash, Baptie & Co.***, 206 Wis. 2d 158, 188, 557 N.W.2d 67 (1996).  For this reason, from this point forward we will refer to the remedy as "the restitution award," to help keep the focus on restitution as opposed to the compensatory damages that are typically sought in contract cases.

¶12   The court in ***Management Computer Services*** explained that a restitution award must be approximately correct.  It "must be proven with reasonable

certainty," but "this does not mean that a plaintiff must prove [the restitution award] with mathematical precision; rather, evidence of [the restitution award] is sufficient if it enables the jury to make a fair and reasonable approximation." *Id.* at 189.

¶13    A circuit court decision to grant equitable relief in an action for unjust enrichment is discretionary, but whether the undisputed facts satisfy the elements of unjust enrichment presents a question of law that we review de novo. *See Tri-State Mech., Inc.*, 273 Wis. 2d 471, ¶13.  As for the discretionary aspect, our supreme court has explained:

> A circuit court's discretionary decision will not be reversed unless the court erroneously exercised its discretion.  A discretionary decision contemplates a process of reasoning that depends on facts that are in the record, or reasonably derived by inference from facts of record, and a conclusion based on the application of the correct legal standard.  "We will not reverse a discretionary determination by the trial court if the record shows that discretion was in fact exercised and we can perceive a reasonable basis for the court's decision."  "'[B]ecause the exercise of discretion is so essential to the trial court's functioning, we generally look for reasons to sustain discretionary determinations.'"

*Sukala v. Heritage Mut. Ins. Co.*, 2005 WI 83, ¶8, 282 Wis. 2d 46, 698 N.W.2d 610 (citations omitted).

*Determination Of Unjust Enrichment*

¶14    We make two observations at the outset of this discussion.  First, the arguments of both sides can, at least at times, be difficult to track for the following reason.  Both sides sometimes focus narrowly on one aspect of one element of unjust enrichment—for example, the existence or absence of proof presented at trial regarding the nature or amount of conferred benefits—while seeming to ignore the interrelated nature of the three elements that we summarize in ¶10 above.  A restitution award is only possible when it would be unjust for the recipient to accept

and retain the value of the benefit. Having made that point, we attempt in the following discussion to accurately characterize what we understand to be the essence of the arguments on both sides.

¶15 Second, Fargen Jr. makes references in his appellate briefing that appear to imply that we should affirm based solely on the jury's unjust enrichment verdicts. That is, while not developed as a legal argument, he may intend to suggest that reversal is not appropriate because the circuit court was free to merely adopt and rest entirely on the restitution award that the jury agreed was "the reasonable value of the benefit conferred." However, in its challenged decision the circuit court clearly explained that, because "unjust enrichment is an equitable action," it treated the verdicts addressing unjust enrichment issues as advisory only. Indeed, in Fargen Jr.'s own post-trial briefing, he took the position that the jury verdicts relating to the unjust enrichment claim were merely advisory because the parties did not "'consent'" to treat the jury's verdict "'as if trial by jury had been a matter of right,'" as they could have pursuant to WIS. STAT. § 805.02(2) (2017-18), and under these circumstances the verdict "drops out of the case when the circuit court makes its findings," citing ***Galvan v. Peters***, 22 Wis. 2d 598, 608, 126 N.W.2d 590 (1964).[4] Explaining further, under § 805.02, if a claim such as an equitable claim of unjust enrichment is not necessarily triable of right by jury, the circuit court "may try any issue with an advisory jury," or, if both parties consent, "the court may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right." Here, the court effectively followed the first option, and took only advisory jury verdicts regarding unjust enrichment. The court was free to note that it agreed with the advisory jury verdicts. However, as we explain below, the court was

---

[4] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

obligated to explain its independent reasoning for agreement, consistent with pertinent legal standards.

¶16    Bearing those points in mind, the Estate argues that, based on the evidence presented at trial, the specific values of any benefits that Fargen Jr. conferred on the senior Fargens and that the senior Fargens unjustly retained are "inscrutably unknown and unknowable from this record." Fargen Jr. responds that there was evidence of such values, including the general testimony of Thomas Fargen Jr. that the dairy aspect of the farm generated revenue between 1977 and 1996 of approximately $350,000 to $400,000. However, we do not attempt to determine whether there was unjust enrichment and, if so, what the restitution remedy should be. This is because those determinations are for the circuit court to make, based on explained reasoning that is tied to the pertinent legal standards.

¶17    In order to understand the court's written order that is challenged here, it is necessary to first summarize a prior oral ruling of the court, which the court incorporated by reference into its written order.[5] At trial, the deliberating jury sent out a note asking the court a question about Question 19 on the verdict form, which the jury was to answer only if it had already found in favor of Fargen Jr. on the elements of unjust enrichment. Question 19 was: "What is the reasonable value of

_____

[5] Counsel for the Estate inappropriately fails to include in the appellant's appendix an essential portion of the circuit court's challenged decision that we discuss in the text. The court's written opinion, contained in the appellant's appendix, explicitly referred to the court having "made its ruling on the record relying on" two cases that the court cites, "which the Court stands by and will not repeat here," with some exceptions. The ruling to which the court referred is found in a portion of the trial transcript, none of which is included in the appellant's appendix. We remind counsel that the appendix of the appellant must contain the "portions of the record essential to an understanding of the issues raised, including oral or written rulings or decisions showing the circuit court's reasoning regarding those issues." WIS. STAT. RULE 809.19(2)(a). As a former chief judge of this court has noted, the briefs and their appendices are the primary focus of judges on this high-volume court and "it is exasperating, to say the least," to "not be able to see for ourselves [by looking at the appendix] how the trial court dealt with an issue before us on appeal." *State v. Bons*, 2007 WI App 124, ¶28, 301 Wis. 2d 227, 731 N.W.2d 367 (Brown, C.J., concurring).

the benefit conferred?" The jury's question was: "Do we have to specify $ amount or can we state tangible property for Question 19?"

¶18    The question generated extended discussion between the court and counsel, outside the presence of the jury. This resulted in the court deciding, over the objection of the Estate, to answer the jury as follows: "You may specify $ amount or its equivalent."

¶19    In making this decision, the court relied on two Wisconsin cases that both quote the same passage in a 1916 New York state court opinion for the following partial definition of unjust enrichment: the creation of an obligation, "'when and because the acts of the parties or others have placed in the possession of one person money, *or its equivalent*, under such circumstances that in equity and good conscience he [or she] ought not to retain it, and which *ex aequo et bono* [("according to the right and good")] belongs to another.'" *See Nelson v. Preston*, 262 Wis. 547, 553, 55 N.W.2d 918 (1952) (emphasis added to "or its equivalent") (quoting *Miller v. Schloss*, 113 N.E. 337, 339 (N.Y. 1916)); *Grossbier v. Chicago, St. P., M. & O. Ry. Co.*, 173 Wis. 503, 504, 181 N.W. 746 (1921) (quoting same *Miller* passage). No statement in *Nelson*, *Grossbier*, or *Miller*—or, so far as our research reveals, any case those opinions cite—appears to expand on this "or its equivalent" concept. However, we understand the circuit court to have understood "or its equivalent" to stand for the common sense proposition that a defendant can be unjustly enriched not only with money, but also with real or personal property, in which case the restitution remedy in a particular case might be a piece of real or personal property. And, the Estate freely admits that, stated this way, it is a valid statement of law.

¶20    The circuit court explained its finding of unjust enrichment and its choice of restitution remedy in part by referencing its prior ruling regarding the meaning of "or its equivalent." As best we understand the court's reasoning, it proceeded as follows: (1) there was sufficient evidence for the court to find that, beginning in or about 1977 and continuing for years, the senior Fargens intentionally misled Fargen Jr. into pouring both his labor and resources into the farm, at times when Fargen Jr. was under the false belief that this would entitle him to one day inherit or purchase the farm, even though the senior Fargens knew that neither inheritance nor sale would occur; (2) the intentional deception by the senior Fargens included keeping from Fargen Jr. information about the actual value of his contributions and the actual value of the farm; and (3) under these circumstances, applying the "or its equivalent" rule, it is equitable to award Fargen Jr. ownership of the entire farm, regardless of whatever the actual value of the farm may be. The court explained:

> [The senior Fargens] wanted it both ways, to benefit from the work of the Junior Fargens, but not allow them any way to enforce the agreement or document the value [of the farm]. That left the jury with making the determination that the reasonable value of the benefit conferred [on] the Senior Fargens was the value of the farm. The jury chose to express that not in a monetary amount, but as the farm itself. The Court agrees.

¶21    In reaching these conclusions, the court clearly credited the testimony of Thomas Fargen Jr. that in 1977 Sr. promised to sell the farm to him—"lock, stock, and barrel"—for $60,000. And, the court also made clear that it credited evidence that Fargen Jr. performed work and provided income of at least some amount that was accepted by the senior Fargens, and that this was retained by the senior Fargens.

¶22    The problem is that the court failed to provide even a suggestion that the court had itself reached reasonably correct approximations of either the actual

10

value of the unjustly retained benefits or the actual value of the entire farm. As the Estate points out, the court cited no reason to think that these two values, whatever either might be, are equivalent. Whatever the court's reasoning, it failed to square any particular factual findings made by the court with the law that pertains to a proper restitution remedy for unjust enrichment.

¶23    There may be some truth to the Estate's suggestion that the circuit court effectively "made a benefit of the bargain award in the form of specific performance," confusing principles of contract law with the law governing unjust enrichment. But we cannot tell, given the lack of explanation. The intended import of the court's references to the senior Fargens keeping information from Fargen Jr. is unclear to us. If the senior Fargens intentionally withheld certain kinds of information, this might support a determination that they treated him unjustly in accepting and retaining identified benefits. But at trial, Fargen Jr. had to present evidence from which a reasonable approximation of unjustly conferred and accepted benefit could be made. *See Management Comput. Servs.*, 206 Wis. 2d at 189. And, regardless of the court's reasoning, if Fargen Jr.'s argument was that the value of the unjustly retained conferred benefits approximately equals the value of the farm, then it was his burden to present evidence that could allow the fact finder to arrive at an approximate value of both sides of the equation. The circuit court must determine whether he met that burden. Put differently, the size and nature of any restitution award must be based on an explanation of relevant evidence, applying the correct legal standards, and not based only on the *absence* of evidence, here allegedly because the senior Fargens withheld benefits-related information from Fargen Jr.

¶24    One of Fargen Jr.'s arguments on appeal is that the circuit court's approach here could be defended as a highly flexible exercise of the authority that

circuit courts have to fashion exceptional equitable remedies to fit exceptional circumstances. In support, he cites the following passage from an opinion of our supreme court:

> It is axiomatic that Wisconsin courts have broad flexibility to "adapt[ ] their decrees to the actual condition of the parties ... so as to meet the very form and pressure of each particular case, in all its complex habitudes" in equitable actions. **Hall v. Bank of Baldwin**, 143 Wis. 303, 312, 127 N.W. 969 (1910) (quoting **Garner, Neville & Co. v. Leverett**, 32 Ala. 410, 413-14 (1858)). Remedies in equitable actions are without limit as to "their substance, their form, or their extent." **Meyer v. Reif**, 217 Wis. 11, 20, 258 N.W. 391 (1935) (quoting 1 Pomeroy, EQUITY JURISPRUDENCE, § 111). The elements of "flexibility and expansiveness, so that new [remedies] may be invented, or old ones modified, in order to meet the requirements of every case" are the hallmarks of equity. **Id.**

**Nationstar Mortg. LLC v. Stafsholt**, 2018 WI 21, ¶30, 380 Wis. 2d 284, 908 N.W.2d 784. This is broad language explaining the general equitable powers of circuit courts. However, the circuit court here did not suggest that it was "inventing," to use the concept from **Stafsholt**, a new remedy outside of traditional unjust enrichment remedies to fit these circumstances, nor explain what facts and circumstances here would support the invention of a new remedy. And, consistent with our point above, the court did not adequately address the specific and well-established legal standards regarding the nature of restitution awards in unjust enrichment cases. Further, stepping back, it appears that Fargen Jr. did not present the circuit court with a sound basis to articulate a novel path to a new remedy. Instead, he pursued a conventional unjust enrichment claim, which provides for well recognized remedies.

¶25 Our supreme court has explained that the exercise of discretion requires demonstration of a reasoning process dependent on facts in, or reasonable

12

inferences from, the record and a conclusion based on proper legal standards. "There should be evidence in the record that discretion was in fact exercised and the basis of that exercise of discretion should be set forth." *Holbrook v. Holbrook*, 103 Wis. 2d 327, 339-40, 309 N.W.2d 343 (Ct. App. 1981) (footnote omitted); *see also Hartung v. Hartung*, 102 Wis. 2d 58, 67, 306 N.W.2d 16 (1981) ("It is not enough that the relevant factors upon which discretion could have been based may be found obscurely in the record. If the exercise of discretion is to be upheld, it must be demonstrated on the record that those factors were considered in making the discretionary determination.").

*Laches*

¶26    Laches "is an equitable defense to an action based on the plaintiff's unreasonable delay in bringing suit under circumstances in which such delay is prejudicial to the defendant." *Sawyer v. Midelfort*, 227 Wis. 2d 124, 159, 595 N.W.2d 423 (1999). The party offering the defense must prove each of the following elements: (1) "the plaintiff unreasonably delayed in bringing the claim," (2) "the defense lacked any knowledge that the plaintiff would assert the right on which the suit is based," and (3) "the defense is prejudiced by the delay." *Id.*

¶27    The Estate argued to the circuit court that the unjust enrichment claim should be barred in part because "[w]aiting for 36 years to make a claim for unjust enrichment is unreasonable," particularly in light of the deaths in the meantime of both senior Fargens, who would have been key witnesses. The Estate now argues that the circuit court failed to address the Estate's argument that the laches defense elements are met.

¶28    Fargen Jr. offers arguments on the merits of the laches defense, consistent with his position in the circuit court that, upon Katherine's death, Fargen

13

Jr. was "shellshocked by the revelation that Katherine … had willed the farm to others and that [Fargen Jr. was] soon to be kicked off of the property that [he] had worked on for 37 years." However, he fails to present a viable argument that the circuit court addressed the laches defense argued by the Estate. He contends that the court wholesale adopted the jury's findings regarding laches elements. However, the jury's verdicts did not directly address the elements of laches as applied to the unjust enrichment claim. And, even if they had, as we suggest above, the verdicts were merely "yes / no" pronouncements that do not express the reasoned application of the law that circuit courts are obligated to provide in exercising their discretion.

¶29    Fargen Jr. points to the well-established principle that, when a circuit court fails to make a finding of fact, and on appeal the appellate court is able to verify from the record the existence of that fact, then we may "assume that the circuit court determined the fact in a manner that supports the circuit court's ultimate decision." *See State v. Martwick*, 2000 WI 5, ¶31, 231 Wis. 2d 801, 604 N.W.2d 552 (citing *Sohns v. Jensen*, 11 Wis. 2d 449, 453, 105 N.W.2d 818 (1960)). But this factual-gap-filler concept does not apply in this situation. It is not a question of a missing fact that would support the ultimate decision, but instead there is a missing rationale that aligns with pertinent legal standards.[6]

¶30    As with the remedy issue, we express no position on the merits and remand for the circuit court to address this issue based on its weighing of what it

---

[6] Although Fargen Jr. does not attempt to base an argument on it, we note that the circuit court denied the Estate's motion for summary judgment on grounds that included laches. However, the court made clear that its ruling was based on the "fact-intensive" nature of the dispute and that the court was "not making any rulings about the sufficiency or whether or not [Fargen Jr. is] going to be able to ultimately prove" relevant facts at trial. Thus, this pretrial ruling cannot substitute for a reasoned decision rendered after considering the evidence presented at trial.

14

believes to be the credible evidence and its application of the pertinent legal standards. It is entirely within the discretion of the circuit court on remand to render either or both of these decisions based solely on the evidence already submitted to it, or instead to request additional evidence.

¶31    For all these reasons, we reverse the circuit court's ruling that the senior Fargens were unjustly enriched by the value of the entire farm and direct the court on remand to address the potential defense of laches and, if needed, the unjust enrichment issues, consistent with this opinion.

*By the Court*.—Order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.